UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELY HOLDINGS LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>O'KEEFFE'S, INC.,<br><br>    Defendant. | Case No. 18-cv-06721-JCS<br><br>**ORDER REGARDING MOTION TO DISMISS COUNTERCLAIM AND STRIKE AFFIRMATIVE DEFENSE**<br><br>Re: Dkt. No. 15 |

Defendant O'Keeffe's, Inc., accused of infringing a glass floor construction patent held by Plaintiff Ely Holdings Limited ("Ely"), asserts an affirmative defense of invalidity and a counterclaim for declaratory judgment of invalidity, accompanied by no factual allegations to support a conclusion that the patent is invalid. Ely moves to dismiss that counterclaim and strike that affirmative defense. The Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for March 8, 2019, although the case management conference set for the same date remains on calendar.

Since the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a party bringing a claim for relief has been required to plead sufficient factual allegations to "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'"—"'naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This is not a "heightened" pleading standard, *cf.* Opp'n (dkt. 20) at 3, but the standard applicable to all claims in federal court. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 n.7 (9th Cir. 2009) ("[T]he *Iqbal* Court made clear that *Twombly*'s 'plausibility standard' applies to pleadings in civil actions generally, rejecting the plaintiff's suggestion that the holding be limited to the antitrust context.").

Some decisions from this district have found that standard incongruous for invalidity counterclaims in light of the Court's Patent Local Rules, which establish a framework for serving infringement and invalidity contentions after the initial case management conference. *E.g.*, *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, No. C-10-4458 EMC, 2011 WL 1654466, at *11 (N.D. Cal. Apr. 28, 2011); *see* Patent L.R. 3-1 through 3-4. In this Court's view, Supreme Court and Ninth Circuit precedent nevertheless requires applying the *Iqbal* pleading standard to "civil actions generally," *see Moss*, 572 F.3d at 969 n.7, including invalidity counterclaims. *See Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671 SI, 2011 WL 3206686, at *6 (N.D. Cal. July 27, 2011) (declining to follow *Wistron* and holding that a "bare-bones recitation of statutes does not meet the requirements of *Twombly* and *Iqbal* and does not put defendants on notice of the basis of [the] claims of invalidity"). Because O'Keeffe's includes no factual allegations to support its counterclaim, Ely's motion to dismiss the counterclaim is GRANTED. Based on the liberal amendment policies of the Federal Rules of Civil Procedure and the framework established by the Patent Local Rules, however, O'Keeffe's may amend this counterclaim to comply with the *Iqbal* pleading standard no later than the date that it is required to serve invalidity contentions. *See* Patent L.R. 3-3.

The Court reaches a different conclusion with respect to O'Keeffe's affirmative defense. Where a district court has authority to grant a motion to strike under Rule 12(f), whether to do so is a matter of discretion. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). This Court has previously declined to strike affirmative defenses where doing so "would not in any way limit the 'expenditure of time and money that must arise from litigating' the case" and granting the motion to strike "would be 'an empty formalism.'" *Perez v. Banana Republic, LLC*, No. 14-cv-01132-JCS, ECF Doc. No. 46 (N.D. Cal. Oct. 10, 2014) (quoting *Whittlestone*, 618 F.3d at 973; *Hernandez v. Balakian*, No. CV-F-06-1383 OWW/DLB, 2007 WL 1649911, at *9 (E.D. Cal. June 1, 2007)). Under the circumstances presented here, striking O'Keeffe's invalidity defense before the parties have made the disclosures required under the Patent Local Rules would serve no useful purpose. The motion to strike is DENIED. If O'Keeffe's serves no invalidity contentions within the time allowed to do so, and refuses at that time to withdraw its

invalidity defense, Ely may renew its motion.[1]

**IT IS SO ORDERED.**

Dated: March 5, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

3