1  Mark I. Schickman  (CSB #62653)
2  Cathleen S. Yonahara  (CSB #203802)
   FREELAND COOPER & FOREMAN LLP
3  150 Spear Street, Suite 1800
   San Francisco, California 94105
4  Telephone:  (415) 541-0200
   Facsimile:  (415) 495-4332
5  Email: schickman@freelandlaw.com
         yonahara@freelandlaw.com

6  THEODORE J, BIELEN, JR.(CSB #56395)
7  BIELEN & LAMPE
   1390 Willow Pass Road, Ste. 1020
8  Concord, CA 94520
   Telephone: (925) 288-9720
   Facsimilia:  (925) 288-9731
9  Email: bielenlt@yahoo.com

10  *Attorneys for Defendant*
    *O'Keeffe's, Inc. d/b/a Safti First*

11

12                **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14

15  ELY HOLDINGS LIMITED, a United          )   **CASE NO.  18-CV-06721-JCS**
    Kingdom company, and GREENLITE GLASS    )
16  SYSTEMS INC., a Canadian company,       )   **DEFENDANT O'KEEFE'S, INC. d/b/a**
                                            )   **SAFTI FIRST'S ANSWER TO FIRST**
17                  Plaintiffs,             )   **AMENDED COMPLAINT; AND**
                                            )   **AMENDED COUNTERCLAIM**
18       v.                                 )
                                            )
19  O'KEEFFE'S, INC. d/b/a SAFTI FIRST, a   )
    California corporation,                 )
20                                          )
                    Defendant.              )
21  _____)

22         Comes now Defendant O'Keeffe's, Inc. dba Safti First ("Defendant," "O'Keeffe's," and/or

23  "Safti") and responds to the First Amended Complaint ("Complaint") of Plaintiffs Ely Holdings

24  Limited and Greenlite Glass Systems, Inc.'s ("Plaintiffs") Complaint for Patent Infringement as

25  follows:

26                            **THE PARTIES**

27         1.     Defendant is without knowledge or information sufficient to form a belief as to the

28  truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis denies the

**DEFENDANT O'KEEFE'S, INC. d/b/a SAFTI FIRST'S ANSWER TO FIRST AMENDED COMPLAINT; AND
AMENDED COUNTERCLAIM**                                                                    **- 1 -**

*(left margin, vertical text)* FREELAND COOPER & FOREMAN LLP  150 Spear Street, Suite 1800  San Francisco, California 94105

1   allegations.

2        2.     Defendant is without knowledge or information sufficient to form a belief as to the

3   truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis denies the

4   allegations

5        3.     Defendant admits the allegations of Paragraph 3.

6        4.     Defendant denies the allegations of Paragraph 4.

7        5.     Defendant admits only that Plaintiff purports to   bring this action under the patent laws of

8   the United States and alleges that subject matter jurisdiction exists under 28 U.S.C. §1331 and 1338(a).

9   Defendant otherwise denies the allegations contained in Paragraph 5 of the Complaint.

10        6.     Defendant admits O'Keeffe's is incorporated in the State of California and may be served

11   at a place of business at 100 N. Hill Drive, Suite 12, Brisbane, CA 94005, but otherwise denies the

12   allegations contained in Paragraph 6 of the Complaint and for the purposes of this action does not

13   challenge the personal jurisdiction of this court.

14        7.     Defendant admits the allegations of paragraph 7 of the Complaint.

15        8.     Paragraph 7 of the Complaint relates to assignment of this action on a district wide basis.

16        9.     Defendant admits the '475 Patent issued from the United States Patent & Trademark Office

17   ("PTO") in 2001 for a Fire Rated Glass Flooring, naming Michael Scott Rae as inventor, but otherwise

18   denies the allegations contained in Paragraph 9 of the Complaint.

19        10.     Defendant admits that the '475 Patent discloses information and claims certain features

20   concerning Fire Rated Glass Flooring as delineated in the copy of U.S. Patent 7,694,475 B2 attached

21   the Complaint, but otherwise denies the allegations in Paragraph 10 of the Complaint.

22        11.     Defendant is without knowledge or information sufficient to form a belief as to the truth

23   of the allegation concerning an Assignment contained in Paragraph 10 of the Complaint and on that

24   basis denies such allegations. Defendant further denies the remaining allegations of Paragraph 11.

25        12.     Defendant denies the allegations of paragraph 12.

26        13.     Defendant lacks sufficient information or belief to respond, and so denies the allegations

27   of paragraph 13.

28        14.     Defendant admits on or before October 9, 2014, O'Keeffe's  manufactured, offered for

**FREELAND COOPER & FOREMAN LLP**
150 Spear Street, Suite 1800
San Francisco, California 94105

**DEFENDANT O'KEEFE'S, INC. d/b/a SAFTI FIRST'S ANSWER TO FIRST AMENDED COMPLAINT; AND AMENDED COUNTERCLAIM**     **- 2 -**

sale and/or sold fire rated glass flooring under the name "GPX FireFloor System" as described on the pages of O'Keeffe's safti.com website, and beyond that denies the allegations of paragraph 14.

15.     Defendant admits the allegations of Paragraph 15.

16.     Defendant admits receiving a letter from counsel for Ely and that a copy of such letter is attached to the Complaint as Exhibit 3, but denies any other allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits the allegation of Paragraph 17.

18.     Defendant denies the allegations of paragraph 18.

19.     Defendant repeats, realleges, and incorporates by reference each and every response to Paragraphs 1-18 above as if fully set forth herein.

20.     Defendant denies the allegations of paragraph 20.

21.     Defendant denies the allegations of paragraph 21.

22.     Defendant denies the allegations of paragraph 22.

23.     Defendant denies the allegations of paragraph 23.

24.     Defendant denies the allegations of paragraph 24.

25.     Defendant denies the allegations of paragraph 25.

26.     Defendant repeats, realleges, and incorporates by reference each and every response to Paragraphs 1-25 above as if fully set forth herein.

27.     Defendant denies the allegations of paragraph 27.

28.     Defendant denies the allegations of paragraph 28.

29.     Defendant denies the allegations of paragraph 29.

30.     Defendant denies the allegations of paragraph 30.

31.     Defendant denies the allegations of paragraph 31.

32.     Defendant denies the allegations of paragraph 32.

33.     Defendant denies the allegations of paragraph 33.

34.     Defendant denies the allegations of paragraph 34.

/ / /

/ / /

**DEFENDANT O'KEEFE'S, INC. d/b/a SAFTI FIRST'S ANSWER TO FIRST AMENDED COMPLAINT; AND AMENDED COUNTERCLAIM**                                                                                          **- 3 -**

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00306405}

**FREELAND COOPER & FOREMAN LLP**
150 Spear Street, Suite 1800
San Francisco, California 94105

## AFFIRMATIVE DEFENSES

Defendant pleads the following defenses in response to Plaintiffs' allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Defendant specifically reserves all rights to allege additional defenses.

### FIRST DEFENSE

1.    Plaintiffs have failed to state a claim for which relief may be granted.

### SECOND DEFENSE

2.    Defendant is not infringing and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 7,694,475 B2, literally or under the doctrine of equivalents.

### THIRD DEFENSE

3.    U.S. Patent No. 7,694,475 B2 is invalid under one or more of the provisions of Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112.

### FOURTH DEFENSE

4.    Plaintiffs have not alleged any specific damages arising from the alleged infringement of any of U.S. Patent No. 7,694,475 B2, and in any event, are not otherwise entitled to any monetary award, including any purported actual damages, treble damages, purported lost profits, its attorneys' fees, or its costs.

### FIFTH DEFENSE

5.    Plaintiffs have not alleged specific irreparable harm arising from the alleged infringement of U.S. Patent No. 7,694,475, and in any event, are not otherwise entitled to any injunctive relief.

### RESERVATION OF ADDITIONAL DEFENSES

6.    Defendant reserves all additional defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, and any other legal and equitable defenses that may exist now or be available in the future.

/ / /

**DEFENDANT O'KEEFE'S, INC. d/b/a SAFTI FIRST'S ANSWER TO FIRST AMENDED COMPLAINT; AND AMENDED COUNTERCLAIM**                                                                                    - 4 -

{00306405}

**AMENDED COUNTERCLAIMS**

Defendant/Counter-Claimant - Plaintiff O'Keeffe's, Inc. d/b/a Safti First ("Counter-Claimant," "O'Keeffe's," "Safti," or "Defendant") through its undersigned attorneys, or on its own behalf, hereby asserts the following amended counterclaims against Plaintiffs Ely Holdings Limited and Greenlite Glass Systems, Inc. ("Plaintiffs"):

**PARTIES**

1.      O'Keeffe's, Inc. is a corporation organized under the laws of the State of California, with a principal place of business located at 100 N. Hill Drive, Suite 12, Brisbane, CA 94005.

2.      Ely Holdings Limited alleges and avers to be a company organized under the laws of England and Wales with its principal place of business at 103A High Street, Lees, Oldham, England, United Kingdom OL4 4LY. Greenlite Glass Systems, Inc.(Greenlite) alleges and avers itself to be organized and existing under the laws of the Province of British Columbia, Canada, and Ely's exclusive licensee under the '475 Patent.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 2201.

4.      By filing their Complaint, Plaintiff has consented to the personal jurisdiction of this Court.

5.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400.

6.      An actual controversy exists between Defendant and Plaintiffs regarding infringement, validity, and unenforceability of the United States Patent 7,694,475 B2 within the meaning of the Declaratory Judgement Act, 28 U.S.C. § 2201 et seq.

**COUNT I: DECLARATORY JUDGEMENT OF NON-INFRINGEMENT**

**OF U.S. PATENT NO. 7,694,475 B2**

7.      Defendant repeats Counterclaim Paragraphs 1-6 as if fully set forth herein.

8.      United States Patent No. 7,694,475 B2 ("the '475 Patent"), entitled "FIRE-RATED GLASS FLOORING", was issued by the United States Patent and Trademark Office ("USPTO") on 13 April 2010. Plaintiffs claim to be the lawful assignee of all right, title, and interest in and to the '475

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANT O'KEEFE'S, INC. d/b/a SAFTI FIRST'S ANSWER TO FIRST AMENDED COMPLAINT; AND
AMENDED COUNTERCLAIM                                                                                                      - 5 -

Patent.

9.     Defendant has not directly infringed, indirectly infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '475 Patent either literally or under the doctrine of equivalents.

## COUNT II:  DECLARATORY JUDGEMENT OF INVALIDITY OF U.S. PATENT NO. 7,694,475 B2

10.     Defendant repeats Counterclaim Paragraphs 1-9 as if fully set forth herein

11.     The '475 Patent is invalid for failing to satisfy the conditions of patentability set forth in the patent laws of the United States, namely 35 U.S.C. §102, in that the asserted claims 1, 5-8, 13, 16, 24-26, and 28 of the '475 Patent are anticipated by the prior art disclosed in the '475 Patent.

12.     The '475 Patent is invalid for failing to satisfy the conditions of patentability set forth in the patent laws of the United States, namely 35 U.S.C. §102, in that the asserted claims 1, 6, 8, 11, 12, 25, 26, and 28 of the '475 Patent are anticipated by the prior art French Patent 2,723,123 .

13.     The '475 Patent is invalid for failing to satisfy the conditions of patentability set forth in the Patent Laws of the United States, namely 35 U.S.C. §103, in that asserted claims 2, 5, 11-16, and 21 of the '475 Patent are obvious from U.S. Patent 5,027,567 U.S. Patent 5,910,620, French Patent 2,723,123, U.S. Patent 5,437,129, and the prior art disclosed in U.S. Patent 7,694,475 taken alone or in combination.

14.     The '475 Patent is invalid for failing to satisfy the conditions of patentability set forth in the Patent Laws of the United States, namely 35 U.S.C. §112, in that asserted independent claim 1, as well as dependent claims 2, 5-8, 11-16, and 21, and independent claim 24, as well as dependent claims 25, 26, and 28, of the '475 Patent are indefinite in that they do not clearly and precisely inform persons skilled in the art of the meaning of the term "the two layers of glass are separated by one or more of the load transferring means."

## COUNT III: VIOLATION OF LANHAM ACT (AGAINST GREENLITE)

15.     Cross defendant Greenlite is a Canadian Company, offering for sale and selling fire and safety rated glazing in several states in America, including, for example, California, Tennessee and Illinois.  The false comments alleged below were made in connection with the commercial enterprise

DEFENDANT O'KEEFE'S, INC. d/b/a SAFTI FIRST'S ANSWER TO FIRST AMENDED COMPLAINT; AND AMENDED COUNTERCLAIM                                                                                   - 6 -

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00306405}

of selling fire and safety rated glazing, including flooring, in promotion of interstate and foreign commerce.

16.     Cross-Complainant Safti is in competition with Greenlite in the fire and safety glazing market in the United States.  Greenlite and Safti have competed for the same fire and safety glazing related jobs, in states including Tennessee, Illinois and California.

17.     Some jobs referenced in paragraph 16 above have "buy America" provisions, requiring that the goods provided be manufactured in America.  In an effort to obtain "buy America" jobs, and in order to obtain fire rated glazing jobs, in competition with Safti, Greenlite made several misrepresentations including:

- representing that it was supplying materials manufactured in America;

- representing that fire and safety floors could not be obtained from any American manufacturer;

- representing that it produced "the only exterior fire-rated glass floor/skylight system available in North America";

- representing that it made "the only exterior glazed system with an insulated Glass assembly for North America";

- representing, without any reasonable basis therefor, that Safti's fire and safety related flooring violated the patent on Greenlite's product.

18.     At the time that it made those representations, Greenlite knew them to be false, knowing that: the Liteflam product which it offered for sale was made in Europe; exterior fire-rated glass floor/skylight systems, and exterior glazed systems with an insulated Glass assembly, were made and sold in California by Safti; and that Safti's fire and safety rated floor did not violate its alleged patent.

19.     As a result of those misrepresentations, Safti has lost fire and safety glass flooring business.

20.     Through the facts alleged in paragraphs 15-19, above, Greenlite violated the Lanham Act, 15 U.S.C.A. § 1125, et seq.

/ / /

**DEFENDANT O'KEEFE'S, INC. d/b/a SAFTI FIRST'S ANSWER TO FIRST AMENDED COMPLAINT; AND AMENDED COUNTERCLAIM**                                                        **- 7 -**

{00306405}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

## COUNT IV: UNFAIR COMPETITION (CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, et. seq)

21.     Safti incorporates the allegations of paragraphs 1-20 of this Counter Claim as if fully set forth herein.

22.     The conduct alleged in paragraphs 15-18 above was performed for the purpose of deceiving purchasers into believing that Greenlite's product was made in the United States, that there was no source in America for fire and safety rated glazing other than Greenlite and that Safti's product violated Greenlite's patent.

23.     That conduct was unfair, deceptive, fraudulent and unlawful, and therefore constitutes unfair competition under California's Business and Professions Code Section 17,200, and under the common law of the State of California

24.     As a result of that misconduct, Safti has lost fire and safety glass flooring business, and has been damaged in a sum subject to proof.  Moreover, until and unless enjoined from doing so, Greenlite will continue to make the foregoing false, unfair, deceptive, fraudulent and unlawful representations.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a trial by jury as to all claims, defenses and other issued so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter-Claimant respectfully requests that the Court, upon final hearing of this matter, grant the following relief against Plaintiffs and Counter-Defendants.

A.     Dismissing Plaintiffs' Complaint with prejudice;

B.     Declaring that Plaintiffs are not entitled to any of the relief requested in the Complaint;

C.     Declaring that no claim of U.S. Patent No. 7,694,475 B2 is infringed or has been infringed by the Defendant;

D.     Declaring that the claims of U.S. Patent No. 7,694,475 B2 are invalid;

E.     Awarding to Safti compensatory and all other damages available by law.

F.     Enjoining Greenlite and its agents from continuing to make the false representations

DEFENDANT O'KEEFE'S, INC. d/b/a SAFTI FIRST'S ANSWER TO FIRST AMENDED COMPLAINT; AND AMENDED COUNTERCLAIM                                                                                          - 8 -

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

{00306405}

listed in ¶ 17, above.

G.   Declaring that this is an exceptional case and awarding Defendant/Counter-Claimant its attorneys' fees under 35 U.S.C. § 285;

H.   Awarding Defendant/Counter-Claimant its costs, expenses, and attorneys' fees incurred in its defense of this action; and

I.   Awarding the Defendant/Counter-Claimant such other relief as the Court deems just and proper.

Respectfully submitted,

FREELAND COOPER & FOREMAN LLP
BIELEN &LAMPE

Dated:  May 31, 2019                          By ___*Mark I. Schickman*_____

*Attorneys for Defendant*
*O'Keeffe's, Inc., d/b/a Safti First*

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

**DEFENDANT O'KEEFE'S, INC. d/b/a SAFTI FIRST'S ANSWER TO FIRST AMENDED COMPLAINT; AND AMENDED COUNTERCLAIM**                                          - 9 -

{00306405}

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2019, I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system.  I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

| | |
|---|---|
| Guy W. Chambers<br>Ellen P. Liu<br>Sideman & Bancroft LLP<br>One Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111-3711<br>gchambers@sideman.com<br>eliu@sideman.com | Donald R. McPhail<br>Taft, Stettinius & Hollister LLP<br>111 East Wacker Drive, Suite 2800<br>Chicago, IL 60601<br>dmcphail@taftlaw.com |
| Ryan O. White<br>Elizabeth Shuster<br>Taft, Stettinius & Hollister LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, Indiana 46204<br>rwhite@taftlaw.com<br>eshuster@taftlaw.com | Jaimin H. Shah (pro hac vice)<br>Taft, Stettinius & Hollister LLP<br>111 E. Upper Wacker Drive, Suite 2800<br>Chicago, IL 60601<br>jshah@taftlaw.com<br><br>*All Attorneys for Plaintiff*<br>*Ely Holdings Limited* |

_Jennifer J. Ryan_
Jennifer J. Ryan

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105