Mark I. Schickman  (CSB #62653)
Cathleen S. Yonahara  (CSB #203802)
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone:  (415) 541-0200
Facsimile:  (415) 495-4332
Email: schickman@freelandlaw.com
       yonahara@freelandlaw.com

THEODORE J, BIELEN, JR.(CSB #56395)
BIELEN & LAMPE
1390 Willow Pass Road, Ste 1020
Concord, CA 94520
Telephone: (925) 288-9720
Facsimilia:  (925) 288-9731
Email: bielenlt@yahoo.com

*Attorneys for Defendant and Counter-Claimants
O'Keeffe's, Inc., d/b/a SaftiFirst*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELY HOLDINGS LIMITED, a United Kingdom company, and GREENLITE GLASS SYSTEMS INC., a Canadian company,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>O'KEEFFE'S, INC., d/b/a SAFTIFIRST, a California corporation,<br><br>　　　　　　Defendant.<br>_____<br>O'KEEFFE'S, INC., d/b/a SAFTIFIRST, a California corporation,<br><br>　　　　　　Counter-Claimant,<br><br>　v.<br><br>ELY HOLDINGS LIMITED, a United Kingdom company, and GREENLITE GLASS SYSTEMS INC., a Canadian company,<br><br>　　　　　　Counter-Defendants. | **CASE NO.  18-CV-06721-JCS**<br><br>**DEFENDANT AND COUNTER-CLAIMANT O'KEEFFE'S, INC. d/b/a SAFTIFIRST'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS**<br><br>Judge: Honorable Joseph C. Spero<br>Date:   August 2, 2019<br>Time:   9:30 a.m.<br>Courtroom: G, 15th Floor |

**DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS**

{00308219}

## I.   INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

This motion is the epitome of form over substance. Plaintiffs Ely Holdings Limited ("Ely") and Greenlite Glass Systems Inc. ("Greenlite") know exactly the what, where, when and who of the false representations Greenlite made about its product, and that of defendant O'Keefe's Inc. ("SAFTI"). The pleading rules of fraud do not apply to these Lanham Act and Unfair Competition claims, and even if they did, the claims are sufficiently detailed. However, the facts are known to all parties, and SAFTI is willing to present its claims in even more detail, as set forth on appendix A, should the Court so request.

Regarding the invalidity contention, as Plaintiffs note, SAFTI has withdrawn its invalidity contentions based upon section 101, but maintains it under section 112, the defense that the patent language sued upon is indefinite. The allegation was properly and timely made in Answer to Greenlite's new complaint, served after the date for invalidity contentions. The motion to strike the defense is improper, and anticipates a motion to amend the invalidity contention.

The issue of indefiniteness raises the identical question as the claims construction: what is meant by "the two layers of glass are separated by one or more of the load transferring means"? Ely and Greenlite contend in this litigation that phrase describes a single integrated glass unit, bonded together with no separation. SAFTI opposes that contention as a matter of claims construction; it also raises the legal defense under § 112 that the construction asserted by Plaintiffs would make the patent language too indefinite to be valid. Preserving that alternative theory creates no prejudice.

## II.   BACKGROUND FACTS

SAFTI was the first company to develop and market American made safety and fire listed and labeled clear glass wall and door assemblies. SAFTI's President, William O'Keefe, developed and tested its glass fire floor system in 2015, and patented it in March, 2018. These inventions were without reference to or reliance upon any other product or patent. Ely patented a different product, upon which it sues in this action, now joined by its North American licensee, Greenlite.

On November 5, 2018, Ely filed a Complaint against SAFTI alleging infringement of its patent. Dkt. No. 1. On November 27, 2018, SAFTI filed its Answer and Counterclaim. Dkt. No. 11. On March 22, 2019, Ely served its Disclosure of Asserted Claims and Infringement Contentions. On

**DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS**

May 6, 2019, SAFTI served its Invalidity Contentions.

On May 16, 2019, Greenlite appeared in the case as a new plaintiff, filing its Complaint against SAFTI. Dkt. No. 49. On May 20, 2019, Ely and Greenlite issued their "Disclosure of Claim Terms For Construction." SAFTI Answered and filed a Counterclaim against Greenlite on May 31, 2019 (Dkt. No. 56), which includes Lanham Act violations and Unfair Competition claims under the common law and under California's Business & Professions Code section 17200. Dkt. No. 56. Plaintiffs seek to dismiss those two counterclaims by this motion. Plaintiffs also seek to strike one of three grounds for invalidity asserted by SAFTI, based on 35 U.S.C. § 112, as being indefinite.

SAFTI's allegations are sufficiently detailed to survive this motion, and Ely/Greenlite know it. SAFTI relies upon misrepresentations emblazoned on Greenlite's website, and false claims by which violate the law and the rules of fair competition. This motion is legally and factually misplaced.

## III.    ARGUMENT

### A.    SAFTI's Lanham Act and Unfair Competition Claims Are Properly Pled.

#### 1.    The Heightened Pleadings Requirements Under Rule 9(b) Are Inapplicable SAFTI's Lanham Act and Unfair Competition Claims.

In *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003), a case on which Plaintiffs rely, the Ninth Circuit stated that "only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements. The text of Rule 9(b) requires only that in 'all *averments of fraud* ..., the circumstances constituting fraud ... shall be stated with particularity.' Fed.R.Civ.P. 9(b) (emphasis added). **The rule does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct**." (emphasis added). The Ninth Circuit reversed the district court's dismissal of Vess's complaint against Novartis for failure to satisfy Rule 9(b) because plaintiff's "allegations against Novartis do not rely entirely on a unified fraudulent course of conduct, his claims against Novartis are not 'grounded in fraud.'"

**The heightened pleadings requirements under Rule 9(b) are inapplicable where the pleadings do not assert a course of conduct that is fraudulent under California law.** *See Oracle Am., Inc. v. TERiX Computer Co., Inc.,* No. 5:13-CV-03385-PSG, 2014 WL 31344, at *5 (N.D. Cal. Jan. 3, 2014); *In re Mattel, Inc.,* 588 F. Supp. 2d 1111, 1118 (C.D. Cal. 2008).

DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS

{00308219}                                                2

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

In *Oracle Am., Inc.,* 2014 WL 31344, at *5, this Court reasoned that:

> Oracle's allegations here cannot be said to rely entirely on a course of conduct that is fraudulent under California law. Although Oracle alleges that Defendants "knowingly and with the intent to defraud Oracle" improperly used its customers login credentials to access Oracle's computers without authorization, the nub of Oracle's complaint in this case is that Defendants duped at least one Oracle customer into purchasing its unauthorized service update by misrepresenting the customer's right to updates without a support contract with Oracle. **It therefore was not Oracle, but Oracle's customers, that relied on the alleged misrepresentation. Because the disputed conduct involves third-party reliance and not the first-party reliance required to recover for an economic injury from fraud under California law, even if Rule 9(b) might apply to other CFAA claims, it does not apply here.** *Id.* (emphasis added).

Similarly, here, SAFTI does not allege a course of conduct that satisfies the elements of fraud under California law. Although SAFTI alleges that Greenlite engaged in fraudulent conduct, the essence of SAFTI's counterclaim is that Greenlite unfairly competed with SAFTI by making misrepresentations to potential customers, and those customers relied on this misrepresentations to award jobs to Greenlite, rather than SAFTI. "Because the disputed conduct involves third-party reliance and not the first-party reliance required to recover for an economic injury from fraud under California law, . . . Rule 9(b) . . . . does not apply here." *Id.*

**Rule 9(b) does not apply to claims arising under California's Unfair Competition Law or Lanham Act claims that do not specifically allege fraud or allege facts that necessarily constitute fraud.** *See In re Mattel, Inc.*, 588 F. Supp. 2d at 1118 (holding plaintiff's Section 17200 claim did not sound in fraud and need not be pled with particularity); *see also Burdick v. Union Sec. Ins. Co.*, No. CV 07-4028 ABC (JCX), 2009 WL 4798873, at *14 (C.D. Cal. Dec. 9, 2009) ("As an initial matter, the California Supreme Court has held that, 'contrary to the suggestion ... that the court may require fact-specific pleading [for UCL claims], the well-settled rule is otherwise except in pleading fraud.'"); *Oracle Am., Inc.,* 2014 WL 31344 at *10 (holding Rule 9(b) does not apply to plaintiff's false advertising claim under the Lanham Act because "the Ninth Circuit itself has never held as such");

DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS

{00308219}                                                                                                        3

*Autodesk, Inc. v. Dassault Systemes Solid Works Corp.*, C08–04397 WHA, 2008 WL 6742224, at *4 (N.D.Cal. Dec.18, 2008) (declining to impose heightened pleading standard under Rule 9(b) to a false advertising claim under the Lanham Act because "... neither the Ninth Circuit nor this Court has addressed the extent to which Rule 9(b) applies to Lanham Act claims," and "[the defendant] has not provided any persuasive authority for its argument that a false advertising claim is subject to a heightened pleading standard ...").

*In re Mattel, Inc.*, 588 F. Supp. 2d at 1118, this Court held that although plaintiffs alleged that defendants engaged in "fraudulent" business acts or practices under California Business and Professions Code § 17200, "'fraudulent' under section 17200 is not the same as common law fraud—as section 17200 does not require a plaintiff to plead all of the elements of fraud." Thus, the particularity requirements under Rule 9(b) were inapplicable. Similarly, here, SAFTI's unfair competition claim alleges Greenlite engaged in "fraudulent" conduct, but SAFTI did not allege common law fraud elements, such as justifiable reliance by SAFTI. SAFTI's Lanham Act claim is based on the same allegations as its 17200 claim, and neither allege fraud or allege facts that necessarily constitute fraud. Accordingly, Rule 9(b) is inapplicable in this case.

### 2. Assuming Arguendo Rule 9(b) Applies, SAFTI's Lanham Act and Unfair Competition Claims Satisfy the Heightened Pleading Requirements.

*Assuming arguendo* that SAFTI's Lanham Act and Unfair Competition Claims are subject to Rule 9(b), SAFTI has satisfied those heightened pleading requirements. In this case, SAFTI alleged that when competing for fire and safety glazing jobs in Tennessee, Illinois and California (the "where"), Greenlite (the "who") misled potential customers into believing that Greenlite's fire and safety floors was an American made product suitable for "buy America" jobs and the only such product available (the "what") by misrepresenting that:

- Greenlite was supplying materials manufactured in America;

- Glass fire and safety floors could not be obtained from an American manufacturer;

- Greenlite produced "the only exterior fire-rated glass floor/skylight system available in North America";

- Greenlite made "the only exterior glazed system with an insulated Glass assembly for

**DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS**

{00308219}   4

North America"; and

• SAFTI's fire and safety related flooring violated the patent on Greenlite's product (the "how"). Dkt. 56, p.7: ¶¶ 16-17.

These facts set forth with particularity the circumstance of the misconduct and are sufficient to allow Greenlite to defend itself. Especially where, as here, Ely and Greenlight know exactly what is being alleged the pleading is sufficient to satisfy Rule 9(b)'s particularity requirement. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (affirming that Rule 9(b)'s particularity requirements "may be relaxed as to matters within the opposing party's knowledge"); *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995). Greenlite knows exactly what has been alleged, with no legitimate practical purpose for this motion. [1]

Secondly, facts showing *knowledge* can be averred generally (F. R. Civ. P. 9(b)), so Plaintiffs' demand for more detail of knowledge is puzzling. As SAFTI alleged: "At the time that it made those representations, Greenlite knew them to be false, knowing that: the Liteflam product which it offered for sale was made in Europe; exterior fire-rated glass floor/skylight systems, and exterior glazed systems with an insulated Glass assembly, were made and sold in California by Safti; and that Safti's fire and safety rated floor did not violate its alleged patent." Dkt. 56, p.7: ¶ 18. The allegations made by the parties to this action provide more than sufficient context for that knowledge -- -- that Greenlight would know whether the proprietary fire floor it sold on a "Buy America" project was made in Europe or the United States, and whether the SAFTI fire floor it is suing over was being sold in the United States. Under the text of Rule 9(b), SAFTI's pleading of knowledge was proper.

SAFTI hastens to add that it can and, if so directed, will amend with more detail, as specified on Appendix A. As alleged there: the quoted misrepresentations are taken verbatim from the webpage

---

[1] Plaintiffs' moving papers introduce as Exhibit B SAFTI's Request for Production of [overdue] Documents to Greenlite. Greenlite withholds production of the documents requested, here calling it a fishing expedition. To the contrary, as shown by Appendix A, SAFTI is not fishing, it is seeking documentation of acts known to both parties. Rather, Exhibit B to Plaintiffs' Motion properly requests, and Plaintiffs fail to produce, among other things, drawings showing what their fire floor looks like in the field (necessary for claims construction!), the representations Greenlite made about its own fire floor and the communications it made about SAFTI and SAFTI's fire floor. Plaintiffs' Exhibit B is relevant only to show that Plaintiffs take any excuse not to produce key documents.

**DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS**

{00308219}                                                                 5

for Greenlite's glass fire floor; examples of Greenlite's misrepresentation of country of origin are traceable to individual customers on specified dates; Greenlite's claims that SAFTI violated its patent were published at specified times to glazing construction professionals from Chicago to San Francisco, and those publications were discussed by the Presidents of SAFTI and Greenlite.

### 3. This Court Should Grant Leave to Amend if it Determines that SAFTI's Lanham Act and Unfair Competition Claims are Insufficient.

However, if the Court wishes that the detail be more fully spelled out, SAFTI does so on the attached Appendix A, the very detailed, redlined proposed Count Three (Lanham Act) (which facts are incorporated into, and form the basis of, the Fourth Count for Unfair Business Practices), and would seek leave to amend to so plead.

"Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted) (holding that dismissing complaint with prejudice was abuse of discretion); *see also Petersen v. Boeing Co.*, 715 F.3d 276, 282 (9th Cir. 2013) ("In light of the fact that leave to amend 'should be granted with extreme liberality,' we hold that the district court abused its discretion in denying Petersen leave to amend.")

Indeed, the Ninth Circuit declared that "in a line of cases stretching back nearly 50 years, we have held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.' [Citations] This amendment policy is informed by Federal Rule of Civil Procedure 15(a), which provides that leave to amend should be freely granted 'when justice so requires.' Although Rule 15(a) gives the trial court discretion over this matter, we have repeatedly stressed that the court must remain guided by 'the underlying purpose of Rule 15 ... to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted) (holding that district court abused its discretion in dismissing claims without leave to amend). In *United States ex rel. Krawitt v. Infosys Techs. Ltd., Inc.*, 342 F. Supp. 3d 958, 967 (N.D. Cal. 2018), this Court granted a motion to dismiss *with leave to amend* on the grounds that plaintiffs may allege additional facts to

**DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS**

1 state a False Claims Act claim, an amendment would not unduly prejudice defendants and plaintiff
2 had not acted in bad faith.

3 Furthermore, an amendment would not unduly prejudice Plaintiffs. This case is still in the
4 early stages of litigation. Greenlite just entered as a party in this case on May 16, 2019 and no
5 depositions have been taken in this matter. Furthermore, Plaintiffs know full well exactly what has
6 been alleged, without doubt.

7 Consistent with the above authorities, the Court should grant SAFTI leave to amend its
8 counterclaim as set forth on Appendix A to this reply if it determines that Rule 9(b) applies, and that
9 SAFTI has not satisfied the heightened pleading requirements. That amendment provides the details
10 (as Ely/Greenlite already know them) to support the strictest reading of Rule 9(b).

### B. SAFTI Properly Pleads Indefiniteness Under 35 U.S.C. § 112

12 Plaintiffs do not provide any authority for the proposition that SAFTI's affirmative defense
13 and counterclaim for indefiniteness under 35 U.S.C. § 112 should be stricken from the answer and
14 counterclaim. Rather, the two cases relied upon by Plaintiffs (*MediaTek Inc. v. Freescale
15 Semiconductor, Inc*., No. 11-CV-5341 YGR, 2014 WL 690161, at *1 (N.D. Cal. Feb. 21, 2014) and
16 *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04-05385 JW (HRL), 2007 WL
17 2103896, at *1 (N.D. Cal. July 20, 2007), address striking previously undisclosed invalidity theories
18 from *expert reports*. In contrast, in this case, there are no expert reports at issue, and SAFTI
19 previously disclosed its affirmative defense and counterclaim under 35 U.S.C. § 112 in its Answer to
20 First Amended Complaint and Amended Counterclaim.

21 The timing of the pleadings shoes the 35 U.S.C. § 112 Counterclaim to be appropriate. On
22 May 6, 2019, SAFTI served its invalidity contentions on Ely. On May 16, 2019, Greenlite filed its
23 new Complaint against SAFTI. Dkt. No. 48. Then, on May 20, 2019, Ely and Greenlite issued their
24 "Disclosure of Claim Terms For Construction," which added as term "(5) the two layers of glass are
25 separated by one or more of the load transferring means."

26 SAFTI timely answered Greenlite's complaint on May 31, 2019 (Dkt. No. 56), pleading a
27 Third Affirmative Defense of Invalidity under 35 U.S.C. §§ 102, 103, and/or 112, and a Counterclaim
28 of invalidity based on those same three grounds (*Id.,* ¶¶ 11-14). Plaintiffs now move to strike the

**DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS**

{00308219}    7

defense and counterclaim based upon § 112, indefiniteness.

SAFTI included in its Answer the defense and counterclaim that the claims are "indefinite in that they do not clearly and precisely inform persons skilled in the art of the meaning of the term 'the two layers of glass are separated by one or more of the load transferring means.'" Dkt. No. 56, ¶ 14. That May 31 pleading was in direct response to Plaintiffs' May 16 Complaint and Plaintiffs' May 20 Claim Construction, raising that phrase. SAFTI could hardly be more diligent in responding.

Importantly, the issue raised by SAFTI's §112 defense and counterclaim is identical to that already raised by Plaintiffs; they each present for construction the term "the two layers of glass are separated by one or more of the load transferring means." SAFTI asserts that, as Ely/Greenlite now construe that term, it is fatally indefinite. It should not be surprising that these two issues converge, as "claim construction and indefiniteness analysis are inextricably intertwined. *See Noah Sys., Inc. v. Intuit Inc.*, 675 F.3d 1302, 1311 (Fed. Cir. 2012) ("Whether a claim complies with the definiteness requirement of 35 U.S.C. § 112 ... is a matter of claim construction."); *see also DataTern, Inc. v. MicroStrategy, Inc.*, No. CV 11-11970-FDS, 2017 WL 1147441, at *4 (D. Mass. Mar. 27, 2017) ("[m]ore recent cases ... have held that a determination of indefiniteness is intertwined with claim construction"); *ASM Am., Inc. v. Genus, Inc.*, 2002 WL 1892200, at *15 (N.D. Cal. Aug. 15, 2002), *amended sub nom. ASM Am., Inc. v. Genus, Inc.*, 2003 WL 21033555 (N.D. Cal. Jan. 10, 2003), *aff'd sub nom. ASM Am., Inc. v. Genus, Inc.*, 401 F.3d 1340 (Fed. Cir. 2005).

Thus, the basis for the indefiniteness assertion is contained within the intrinsic language of the phrase identified by Plaintiffs for construction 11 days before. SAFTI's product is an integrated glass unit, with no separation between fire glass and the walkable surface; nonetheless, Plaintiffs contend that it is encompassed with its patent describing two separated layers of glass. If the phrase "two layers of glass separated by one or more of the load transferring means" is susceptible to describe a single integrated glass unit, it is indefinite. SAFTI properly preserves the issue in its Pleading.

If the Court believes that SAFTI must amend its invalidity construction to track that argument, SAFTI requests leave to amend its previously filed Invalidity Contentions accordingly. Where, as here, the invalidity contention raises an issue the parties "would have to address in any regard, even if it assumed that Defendants were not diligent, the lack of any prejudice at all to Plaintiffs from the

**DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS**

proposed amendments would lead to Court to exercise its discretion and still grant Defendants' motion for leave to amend their invalidity contentions. *See Karl Storz Endoscopy-Am.*, 2016 WL 2855260, at *3 ('[T]he court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party.'); *Twilio, Inc. v. TeleSign Corp.*, 2017 WL 3581186, at *4 (N.D. Cal. Aug. 18, 2017); *Synchronoss Technologies, Inc. v. Dropbox Inc.*, 2018 WL 5619743, *5 - *7 (N.D. Cal. 2018).

The assertion of indefiniteness under § 112 was timely and properly raised in SAFTI's Answer, and specifies the exact phrase claimed to be indefinite. The claim raises the intrinsic indefiniteness of a phrase already identified by Plaintiffs for claim construction, and its consideration creates no prejudice to Plaintiffs. If any amendment to SAFTI's invalidity contentions is required following the recent new Complaint and Answer, SAFTI prays for leave to provide it. Such an amendment would not prejudice Plaintiffs in any way as Plaintiffs have notice of the 35 U.S.C. § 112 counterclaim, and the parties are in the early stages of litigation.

## IV. CONCLUSION

The fraud pleading rules do not apply to SAFTI's Lanham Act and Unfair Competition counts, but even if Rule 9(b) applied, the counts are adequately pled, and Plaintiffs know exactly what is being alleged -- -- their disingenuous contrary assertion notwithstanding. However, if the Court requests a more detailed description of the Unfair Competition Claim and the Lanham Act claim upon which it is based, SAFTI asks leave to amend the Third Cause of Action, as stated on Appendix A.

On May 31, 2019, SAFTI timely Answered Plaintiffs' May 16, 2019 Complaint, and alleged that a phrase asserted by Plaintiffs for claim construction on May 20, 2019 was indefinite under §112. There is no reason or authority to strike that asserted ground for invalidity, and no equitable reason not to permit it from being raised. Plaintiffs' Motion to Strike should be denied.

Respectfully submitted,

FREELAND COOPER & FOREMAN LLP
BIELEN & LAMPE

Dated: July 5, 2019          By /s/ Mark I. Schickman
                             *Attorneys for Defendant and Counter-Claimant*
                             *O'Keeffe's, Inc., d/b/a SaftiFirst*

**DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS**

{00308219}                                                                          9

**Appendix A**

**COUNT III: VIOLATION OF LANHAM ACT (AGAINST GREENLITE)**

15. Cross defendant Greenlite is a Canadian Company, offering for sale and selling fire and safety rated glazing in several states in America, including, for example, California, Tennessee and Illinois. The false comments alleged below were made in connection with the commercial enterprise of selling fire and safety rated glazing, including flooring, in promotion of interstate and foreign commerce.

16. Cross-Complainant Safti is in competition with Greenlite in the fire and safety glazing market in the United States. Greenlite and Safti have competed for the same fire and safety glazing related jobs, in states including Tennessee, Illinois and California.

17. Some jobs referenced in paragraph 16 above have "buy America" provisions, requiring that the goods provided be manufactured in America. In an effort to obtain "buy America" jobs, and in order to obtain fire rated glazing jobs, in competition with Safti, Greenlite made several misrepresentations including the following:

- ~~representing that it was supplying materials manufactured in America;~~
- ~~representing that fire and safety floors could not be obtained from any American manufacturer;~~
- ~~representing that it produced "the only exterior fire-rated glass floor/skylight system available in North America";~~
- ~~representing that it made "the only exterior glazed system with an insulated Glass assembly for North America";~~
- ~~representing, without any reasonable basis therefor, that Safti's fire and safety related flooring violated the patent on Greenlite's product.~~
  - (a) On its website, https://greenliteglass.com/product/liteflam/, Greenlite describes its Liteflam fire floor "the only exterior fire-rated glass floor/skylight system available in North America" and as "the only exterior glazed system with an insulated Glass assembly for North America". Greenlite knows those

**DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS**

{00308211 2}

representations to be untrue, as it knew that SAFTI made and sold an exterior fire-rated glass floor/skylight system, and an exterior glazed system with an insulated Glass assembly in and for the United States.

- (b) In furtherance of the misrepresentations listed above, Greenlite, through individuals including Ryan Dennett, its President, falsely represented to building professionals and glass suppliers that O'Keeffe's did not make an exterior fire-rated glass floor/skylight system that it could legally sell in the United States as it violated Greenlite's patent; the instances of that misrepresentation being made include a May, 2017 communication from Ryan Dennett which was received by architects Gensler Associates in Chicago, and the same misrepresentation made by him or about July 24, 2017 to ACR glazing in San Francisco.

- (c) Subsequent to making one or more of the misrepresentations referred to in ¶ 3, above, in a telephone conversation, Ryan Dennett told William O'Keeffe that he was not familiar with how SAFTI's fire rated glass floor was manufactured and had never said that SAFTI's fire rated glass floor violated any patent.

- (d) At times, including on July 26, 2017, Greenlite, through its President Ryan Dennett, represented to customers and potential customers, including, ACR Glass in San Francisco, that its fire rated glass floor was 100% domestic USA made and manufactured, with the listed exception of specified screws and bolt assemblies. It did so while representing that it met "Buy America" qualifications as generally required by 49 CFR § 661.5 on public projects, including the San Francisco Transbay Terminal. It did so knowing that the representation was untrue, and that the major component of its product, the glazing itself, was manufactured in Europe, and knowing that its product did not qualify under "Buy America" regulations.

17.18. At the time that it made those representations, Greenlite knew them to be false, knowing that: the Liteflam product which it offered for sale was made in Europe; exterior fire-rated glass floor/skylight systems, and exterior glazed systems with an insulated Glass assembly, were

**DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS**

{00308211 2}

made and sold in California by Safti; and that he had no basis to believe that Safti's fire and safety rated floor violates its alleged patent.

~~1.~~19.     Greenlite made the representations set forth above willfully and maliciously and with the purpose and the effect of taking business away from Safti and to harm Safti's reputation within the fire and safety rated glass industry. As a result of those misrepresentations, Safti has lost fire and safety glass flooring business and lost reputation, causing damage to Safti in a sum subject to proof.

~~18.~~20.  Through the facts alleged in paragraphs 15-19, above, Greenlite violated the Lanham Act, 15 U.S.C.A. § 1125, et seq.

**DEFENDANT/COUNTERCLAIMANT'S MPA IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE 35 USC § 112 PLEADINGS**

{00308211 2}