1    Donald R. McPhail (admitted *pro hac vice*)   Guy W. Chambers (State Bar No. 101611)
     Email: dmcphail@dickinsonwright.com           E-Mail: gchambers@sideman.com
2    DICKINSON WRIGHT PLLC                          Ellen P. Liu (State Bar No. 280459)
     International Square                           E-Mail: eliu@sideman.com
3    1825 Eye St. N.W., Suite 900                   SIDEMAN & BANCROFT LLP
     Washington, D.C. 20006                         One Embarcadero Center, 22nd Floor
4    Telephone: (202) 457-0160                      San Francisco, California 94111-3711
     Facsimile: (844) 670-6009                      Telephone: (415) 392-1960
5                                                   Facsimile: (415) 392-0827

6    Jonathan D. Baker (State Bar No. 196062)       Ryan O. White (admitted *pro hac vice*)
     Email:  jdbaker@dickinsonwright.com            Email: rwhite@taftlaw.com
7    DICKINSON WRIGHT RLLP                          Elizabeth Shuster (admitted *pro hac vice*)
     800 W. California Avenue, Suite 110            Email: eshuster@taftlaw.com
8    Sunnyvale, California 94086                    TAFT, STETTINIUS & HOLLISTER LLP
     Telephone:  (408) 701-6100                     One Indiana Square, Suite 3500
9    Facsimile:  (844) 670-6009                     Indianapolis, Indiana 46204
                                                    Telephone: (317) 713-3500
10                                                  Facsimile: (317) 713-3699

11   Jiageng Lu (State Bar No. 271589)              Jaimin H. Shah (admitted *pro hac vice*)
     Email:  jlu@dickinsonwright.com                Email: jshah@taftlaw.com
12   DICKINSON WRIGHT PLLC                          TAFT STETTINIUS & HOLLISTER LLP
     607 W. 3rd Street, Suite 2500                  111 E. Upper Wacker Drive, Suite 2800
13   Austin, Texas 78701                            Chicago, Ilinois 60601
     Telephone:  (512) 770-4200                     Telephone: (312) 836-4171
14   Facsimile:  (844) 670-6009                     Facsimile: (312) 966-8607

15   *Attorneys for Plaintiffs*

16                    **UNITED STATES DISTRICT COURT**

17                    **NORTHERN DISTRICT OF CALIFORNIA**

18                      **SAN FRANCISCO DIVISION**

19   ELY HOLDINGS LIMITED,  a United          Case No. 3:18-cv-06721 JCS
     Kingdom company, and
20   GREENLITE GLASS SYSTEMS INC., a          **PLAINTIFFS' REPLY IN SUPPORT OF**
     Canadian Company                         **THEIR MOTION TO DISMISS**
21                                            **DEFENDANT'S LANHAM ACT AND**
                                              **UCL COUNTERCLAIMS AND TO**
22              Plaintiffs,                   **STRIKE 35 USC §112 PLEADINGS;**

23         v.
                                              Judge:    Honorable Joseph C. Spero
24   O'KEEFFE'S, INC. d/b/a SAFTI FIRST, a    Date:     August 16, 2019
     California corporation,                  Time:     9:30 AM
25                                            Courtroom:  G, 15th Floor

26              Defendant.

27

28
                                                        Case No. 3:18-cv-06721 JCS
     PLAINTIFF'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND
                 UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS

**1**

# TABLE OF CONTENTS

**2**

**Page**

**3**

I.     INTRODUCTION ............................................................................................................... 1

**4**

II.    ARGUMENT ..................................................................................................................... 2

**5**

      A.     Defendant's Lanham Act and UCL Claims Are "Grounded in Fraud," and
**6**           Should be Dismissed Under Rule 9(b) ................................................................... 2

**7**           1.     Defendant's own pleadings, and proposed amendments, make clear
                    that Rule 9(b) applies ................................................................................ 2

**8**

           2.     Defendant's pleadings fail to meet Rule 9(b).............................................. 4

**9**

      B.     Proposal of Claim Terms Cannot Justify Defendant's Disregard of Patent
**10**           L.R. 3-3. ................................................................................................................ 7

**11**           1.     Defendant *still* fails to seek leave to add its new indefiniteness
                    argument ...................................................................................................... 7

**12**

           2.     Defendant cannot demonstrate good cause even if it properly sought
**13**                  leave ............................................................................................................ 7

**14**

III.   CONCLUSION ................................................................................................................ 10

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

                  Case No. 3:18-cv-06721 JCS

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND
UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS

**1**

# TABLE OF AUTHORITIES

**2**

CASES                                                                                      Page

**3**

*Auxilium Pharm., Inc. v. Watson Labs., Inc.*,

**4**
    2014 WL 2624780 (D.N.J. June 12, 2014) ................................................................8, 9

**5**

*Connecticut Nat. Bank v. Fluor Corp.*,
    808 F.2d 957 (2d Cir. 1987) ...................................................................................5

**6**

*Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins. Co.*,

**7**
    2014 WL 11396254 (C.D. Cal. May 30, 2014)......................................................3, 4

**8**

*In re Mattel, Inc.*,
    588 F. Supp. 2d 1118 (C.D. Cal. 2008)..................................................................3, 4

**9**

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,

**10**
    467 F.3d 1355 (Fed. Cir. 2006) ............................................................................9

**11**

*Oracle Am., Inc. v. TERiX Computer Co., Inc.*
    2014 WL 31344 (N.D. Cal. Jan. 3, 2014) ...........................................................2, 3, 4

**12**

*Stahl Law Firm v. Judicate W.*,

**13**
    2013 WL 4873065 (N.D. Cal. Sept. 12, 2013)...........................................................4

**14**

*Wilson v. Hewlett-Packard Co.*,

**15**
    668 F.3d 1136 (9th Cir. 2012)...............................................................................5

**16**

STATUTES

**17**

35 U.S.C. §101 ................................................................................................................9

**18**

35 U.S.C. §112 ...................................................................................................2, 8, 10

**19**

49 C.F.R. § 661.5 ............................................................................................................7

**20**

RULES

**21**

Civil Local Rule 7-3(a) .................................................................................................5

**22**

Fed R. Civ. P. 9(b)................................................................................................. *passim*

**23**

Patent Local Rule 3-3 ..............................................................................................7, 8, 9

**24**

Patent Local Rule 3-6 ....................................................................................................7

**25**

**26**

**27**

**28**

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND
UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS

**OTHER AUTHORITY**

15 U.S.C. § 1125 ("Lanham Act") .................................................................................2, 4, 7, 10

Cal. Bus. & Prof. Code § 17200, *et seq.*
    ("California's Unfair Competition Law," or "UCL") ........................................................ *passim*

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS

**1**

## I.     <u>INTRODUCTION</u>

**2**        In its Opposition (Dkt. No. 65) to Plaintiffs' Motion to dismiss its deficient fraud claims

**3** and indefiniteness pleadings (Dkt. No. 63), Defendant O'Keeffe's, Inc. d/b/a SAFTI FIRST

**4** ("Defendant") repeatedly undermines its own arguments for retaining them.

**5**        With respect to its allegations of fraudulent statements made by Plaintiff Greenlite Glass

**6** Systems, Inc. ("Greenlite"), Defendant appears to argue that its claims should pass muster as they

**7** were presented, but nonetheless abandons them in favor of a set of amended pleadings.[1]  Dkt. No.

**8** 65, Appendix A.  Even setting aside the fact that an *opposition* is not the proper vehicle for

**9** amending pleadings, Defendant's self-conscious inclusion of these proposed amendments is a tacit

**10** admission that (1) Rule 9(b) of the Federal Rules of Civil Procedure does apply, and (2)

**11** Defendant's allegations are lacking.  Indeed, its *own amendments* make clear that these are not

**12** merely claims that incidentally involve alleged misrepresentations, but rather confirm that the

**13** entirety of its claims rise and fall upon alleged fraud and fraudulent intent—to suggest otherwise

**14** strains credulity.  However, even these proposed amendments fail to meet the strictures of Rule

**15** 9(b), and continue to suffer many of the same defects pointed out in Plaintiffs' Motion.

**16**        With respect to Defendant's attempt to slip in an indefiniteness argument absent from its

**17** Invalidity Contentions, Defendant admits that this is an entirely new argument, introduced *after* its

**18** Invalidity Contentions were served. Dkt. No. 65 at 8.  However, Defendant's purported

**19** justification for this late addition—that indefiniteness is so "intertwined" with claim construction

**20** such that it can introduce new arguments because the parties proposed terms for construction—

**21** only serves to demonstrate Defendant's lack of good cause.  Indeed, Defendant ties its new

**22** argument to the list of terms proposed by Plaintiffs Ely Holdings Limited ("Ely") and Greenlite

**23** (collectively, "Plaintiffs") for construction, but this list is no more than that—an unadorned list of

**24** terms and phrases.  Exh. A.  It is at best unclear what Defendant has discovered about Plaintiffs'

**25** interpretation of the claims from this barebones list that could not have been gleaned from

**26**

------

**27**
[1] Defendant has not properly presented amended pleadings for the Court's consideration, as
discussed in part (A) (2) *infra*.  Nonetheless, it is telling that Defendant was compelled to attempt
**28** a revision.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND
UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS

1   Plaintiffs' detailed Infringement Contentions (Exh. B), which were served well before the

2   Invalidity Contentions.  Moreover, whether or not indefiniteness is "intertwined" with claim

3   construction simply has no bearing on whether Defendant should have disclosed its argument in

4   the Invalidity Contentions.  The Patent Local Rules have consistently required disclosure of

5   arguments based on 35 U.S.C. § 112 in contentions, and the Scheduling Order that Defendant

6   participated in negotiating required service of contentions *before* the exchange claim terms.  Dkt

7   No. 36.  There is simply no justification for disregarding the Local Rules or the Court's schedule.

8   **II.   ARGUMENT**

9
    **A.   Defendant's Lanham Act and UCL Claims Are "Grounded in Fraud,"
10          and Should be Dismissed Under Rule 9(b)**

11          **1.   Defendant's own pleadings, and proposed amendments, make
                    clear that Rule 9(b) applies**
12

13          Defendant's first argument, that Rule 9(b) of the Federal Rules of Civil Procedure does not

14   apply to its Lanham Act and UCL claims, misrepresents the law as well as its own pleadings.  In

15   fact, Defendant's own allegations, including its proposed amendments, further confirm that what

16   Defendant is alleging is fraud.

17          Defendant cites *Oracle Am., Inc. v. TERiX Computer Co., Inc.* to suggest that wherever

18   third-party reliance on alleged misrepresentation is implicated, Rule 9(b) does not apply.  Dkt. No.

19   65 at 3, citing 2014 WL 31344, at *5 (N.D. Cal. Jan. 3, 2014).  However, Defendant misapplies

20   *Oracle*, as this case makes no such blanket rule.  In fact, the misconduct at the center of *Oracle*

21   was *not* misrepresentation, but rather a claim under the Computer Fraud and Abuse Act

22   ("CFAA"), which "proscribes various computer crimes, 'the majority of which involve accessing

23   computers without authorization or in excess of authorization.'"  *Id.* at *3.  The injury alleged in

24   this case was unauthorized access by defendants to the plaintiff's software updates when said

25   defendants did not properly purchase support services.  *Id.* at *2.  While the defendants may have

26   obtained some access by making misrepresentation(s) to some of plaintiff's authorized customers,

27   the misrepresentations themselves were merely incidental, and thus neither the crux of the

28   plaintiff's injury nor required under the CFAA.  *See id.* at *2, 4 (the CFAA "only requires a

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND
UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS

1  showing of unlawful access").  Indeed, the plaintiff also alleged that some of the unauthorized

2  access *did not* involve misrepresentations but rather the "direct[ion of] others with access

3  credentials to download [plaintiff's] intellectual property," but it was no less injured by these

4  instances.  *See id.* at *2. Thus, it is clear that *Oracle*'s reasoning has no bearing on the matter at

5  hand: Here, the *only* misconduct alleged by Defendant consists of the misrepresentations it

6  attributes to Greenlite, and it is the purported falsity of these statements that are alleged to cause

7  Defendant's harm.  *See* Answer (Dkt. No. 56) at ¶¶ 17-18; *see also* Dkt. No. 65, Appendix A at ¶¶

8  17-18.

9  　　　　Defendant's reliance on *In re Mattel, Inc.* is similarly misplaced. *See* Dkt. No. at 4, citing

10  588 F. Supp. 2d 1118 (C.D. Cal. 2008).  Specifically, Defendant argues that *Mattel* stands for the

11  proposition that where common law fraud elements are not pled as part of a UCL claim, Rule 9(b)

12  should not apply.  However, Defendant fails to demonstrate why the analysis of *Mattel* should

13  govern here.  Unlike this case, *Mattel* involved a *product liability* claim by plaintiffs alleging that

14  the defendant's toys contained an unsafe level of lead.  588 F. Supp. 2d at 1114.  To the extent the

15  plaintiffs also stated related claims that the defendant's advertisements misrepresented the quality

16  and safety of its toys, it was sufficient to allege that these materials were likely to deceive the

17  public.  *See id.* at 1118.  But, the thrust of the complaint did not address, and did not require,

18  fraud.  *See id.*  Indeed, the *Mattel* court found wholly absent any "effort to plead common law

19  fraud elements such as *the intent to deceive*."  *Id.*  (emphasis added)

20  　　　　Later courts applying the rationale of *Mattel* likewise noted the importance of allegations

21  of intent:  For example, in *Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins.*

22  *Co.*, which involved claims to insurance reimbursements, the court followed the reasoning of

23  *Mattel* because "[n]owhere does the [complaint] suggest that Defendants made such

24  'misrepresentations' and 'false' statements with intent to deceive Plaintiff, even if these alleged

25  statements were likely to deceive Plaintiff." 2014 WL 11396254, at *9 (C.D. Cal. May 30, 2014).

26  The *Forest* court further pointed out that the complaint in issue "includes of[sic] myriad of

27  additional allegations as well that come nowhere close to fraud…As a result, Plaintiff's allegations

28  do not rise and fall on fraudulent conduct alone."  *Id.*  In sum, an accurate reading of *Mattel* and its

1 progeny does not suggest any blanket rules for UCL claims; rather, these cases suggest that two

2 hallmarks for finding Rule 9(b) applicable are (1) allegations concerning the intent to deceive, and

3 (2) the absence of other alleged misconduct unrelated to misrepresentations.

4       In view of the foregoing, it is clear that Defendant's Lanham Act and UCL claims fall

5 outside of *Mattel's* ambit.  Indeed, unlike in *Mattel* or *Forest*, there is no other misconduct alleged

6 other than the purported misrepresentations, and the pleadings are in fact replete with allegations

7 relating to scienter, including:

8      • The alleged misrepresentations were made "***in order to*** obtain fire rated glazing jobs,

9        in competition of Safti,"

10      • that "[a]t the time it made those representations, Greenlite ***knew them to be false***,"

11      • that each of the alleged misrepresentations were made "***knowing***[ly]"

12      • that "the conduct alleged in paragraphs 15-18 above was performed ***for the purpose of***

13        ***deceiving*** purchasers"

14 Answer at ¶¶ 17-18, 22 (emphases added).  Tellingly, even Defendant's proposed amended

15 pleadings highlight the centrality of intent, going so far as to add that Greenlite made the alleged

16 statements "***willfully*** and ***maliciously*** and ***with the purpose*** and effect of taking business away

17 from Safti and to harm Safti's reputation."  Dkt. No. 65, Appendix A at ¶18 (emphases added).  In

18 sum, Defendant's own allegations amply demonstrate its claims under the Lanham Act and UCL

19 to be "grounded in fraud," and thus within the scope of Rule 9(b).[2]

20              **2.     Defendant's pleadings fail to meet Rule 9(b).**

21       As a threshold matter, it is improper for Defendant to attempt to shoehorn a motion for

22 leave to amend pleadings into its Opposition: As the Federal Rules make clear, a motion for leave

23 is required to amend pleadings, and an opposition is *not* a motion.  *See* Fed R. Civ. P. 15. Thus,

24

25

26 [2] Defendant also cites to *Oracle* for the proposition that Rule 9(b) does not necessarily apply to Lanham Act claims because "the Ninth Circuit itself has never held as such," (Dkt. No. 65 at 3), but this point is irrelevant.  Indeed, as Plaintiffs pointed out in their Motion, *this Court* does apply

27 Rule 9(b) to Lanham Act claims. Dkt. No. 63 at 5, *citing Stahl Law Firm v. Judicate W.*, 2013 WL 4873065, at *7 (N.D. Cal. Sept. 12, 2013) (dismissing Lanham Act claims with leave to amend,

28 "Plaintiff must also consider the heightened pleading requirements of Rule 9(b).").

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND
UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS

1    Defendant's "proposed" amended pleadings set forth in its Appendix A are not properly before the

2    Court.  Moreover, the Civil Local Rules strictly limit the time and space available for responding

3    to an opposition, as compared to responding to a motion.  *Compare* Civil L.R. 7-3(a) and (c).

4    Defendant's request that the Court "grant SAFTI leave to amend its counterclaim as set forth on

5    Appendix A" (Dkt. No. 65 at 7) thus represents yet another instance of gamesmanship, as it seeks

6    to deprive Plaintiffs of the opportunity to provide a full response.  As such, the only pleadings

7    properly in issue before the Court are those of Defendant's Answer (Dkt. No. 56).

8          As for these allegations, Defendant does little more in its Opposition than repeat them

9    verbatim and conclusorily assert that they are sufficient.  *See* Dkt. No. 65 at 4-5. As such, each of

10   the deficiencies identified in Plaintiffs' Motion remain unrebutted.  *See* Dkt. No. 63 at 7-8.  The

11   only arguably new point raised in Defendant's Opposition is that it does not believe it must

12   provide additional information concerning allegations of Greenlite's knowledge.  Dkt. No. 65 at 5.

13   However, Defendant misapplies Rule 9(b): the drafters did not require a claimant to specifically

14   plead conditions of the human mind, but as applied by the courts, a claimant must nonetheless

15   plead sufficient factual circumstances that would allow the inference of knowledge.  *See Wilson v.*

16   *Hewlett-Packard Co.*, 668 F.3d 1136, 1139, 1145 (9th Cir. 2012) (affirming dismissal of UCL

17   claim involving fraudulent conduct where plaintiff provided "few if any facts … from which an

18   inference of knowledge of the allegedly hazardous defect could be drawn."); *also Connecticut Nat.*

19   *Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir. 1987) ("The absence of a requirement that

20   scienter be alleged with "great specificity" is based on the premise that a plaintiff realistically

21   cannot be expected to plead a defendant's actual state of mind… This does not mean, however,

22   that plaintiffs are relieved of their burden of pleading circumstances that provide at least a minimal

23   factual basis for their conclusory allegations of scienter.").[3]

24

25   _____

26   [3] Defendant's argument that it need not plead additional facts because Plaintiffs allegedly "knew
     exactly what is being alleged" would erase Rule 9(b)—indeed, *all* pleading requirements—
27   altogether.  For what purpose can any pleading serve, when all a claimant need do is state "you
     know what I'm referring to," and be permitted to fish through a defending party's confidential
28   records on that basis?

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND
UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS

1    In this case, as discussed in Plaintiffs' Motion, Defendant wholly fails to provide *any*

2  allegations of fact from which the Court can infer knowledge: Indeed, Defendant fails to provide

3  even a minimal allegation suggesting how it is that Greenlite can have knowledge of Defendant's

4  manufacturing process or where Defendant's products are assembled, or how Greenlite can

5  "know" that Defendant does not infringe the patent in suit when this litigation is ongoing.  Dkt.

6  No. 63 at 8.  Defendant contends that Greenlite would know what its *own* assembly process is (id.

7  at 5), but this misses the point—its claims explicitly require Greenlite to know that *Defendant's*

8  products are "were made and sold in California," which, considering that a party's manufacturing

9  processes and business plans are not generally available to the public, is plainly implausible absent

10  additional explanation.  Likewise, additional allegations would be required to allow an inference

11  that Greenlite had already known "that Safti's fire and safety rated floor did not violate its alleged

12  patent," as it would otherwise require Greenlite to be able to prognosticate the outcome of this

13  litigation.  And, while it is not properly before the Court, Defendant's Appendix A actually

14  *contradicts* any suggestion that Greenlite has the alleged knowledge because, according to

15  Defendant: "Ryan Dennett told William O'Keeffe that he was not familiar with how SAFTI's fire

16  rated glass floor was manufactured and had never said that SAFTI's fire rated glass floor violated

17  any patent."  Dkt. No. 65, Appendix A at ¶17.  Far from allowing any inference of knowledge, if

18  Defendant were to present its Appendix A to the Court upon a properly noticed motion, these

19  amended pleadings would only serve to show that there is no plausible claim.

20    Indeed, even if Defendant were to properly present Appendix A, and one were to disregard

21  such internal contradictions as addressed above, the motion would be futile because Appendix A

22  still fails to satisfy Rule 9(b).  For instance, Defendant still fails to allege how Greenlite can know

23  that Defendant's product doesn't infringe, when the issue is still being actively litigated.  Dkt. No.

24  65, Appendix A at ¶17.  Defendant also fails to provide any allegations suggesting how Greenlite

25  can have knowledge of Defendant's manufacturing process, or who or where its customers are,

26  which is critical to Defendant's allegation that Greenlite knew the statements on its website to be

27  false.  *Id.*  And, with respect to its allegations concerning the "Buy America" provisions of 49

28  CFR § 661.5, Defendant still cannot identify *what* any of the alleged misrepresentations are (*e.g.*,

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND
UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS

1   an advertisement, an oral statement, sales pitch or bid material, etc.), nor who received the alleged

2   communications (if that is what they are), where they were allegedly made, nor how or why

3   Greenlite would necessarily have reached the legal conclusion Defendant alleges concerning the

4   applicability of 49 CFR § 661.5.  In sum, Appendix A demonstrates that dismissal of Defendant's

5   Lanham Act and UCL claims with prejudice is appropriate.

**B.      Proposal of Claim Terms Cannot Justify Defendant's Disregard of
6          Patent L.R. 3-3.**

7

**1.      Defendant *still* fails to seek leave to add its new indefiniteness
8          argument**

9          Defendant admits that the indefiniteness theory in its Answer is completely new and that it

10  was developed after its Invalidity Contentions were served (Dkt. No. 65 at 7-8), but *still* has not

11  sought leave from the Court under Patent Local Rule 3-6.  Instead, Defendant feigns ignorance of

12  the Rules and *asks the Court to tell it* whether it "must amend its invalidity construction to track

13  that argument," and then to simply grant it leave to do so.  Dkt. No. 65 at 8.  Defendant's request

14  is inappropriate for multiple reasons: First, since Defendant admits its argument is new, and there

15  is no dispute that indefiniteness is wholly absent from its Invalidity Contentions, it is simply

16  ridiculous to question whether Rule 3-6 should apply.  Second, this is yet *another* attempt to

17  shoehorn a motion for leave into an opposition, which, as discussed above with respect to

18  Defendant's attempt to amend its fraud claims, seeks to deprive Plaintiffs with a fair and

19  meaningful opportunity to respond.  Third, despite nominally requesting leave to amend,

20  Defendant fails to provide *any* amended contentions for consideration, leaving both the Plaintiffs

21  and the Court in the dark as to what Defendant is actually seeking to add, *even if* it were proper to

22  take up Defendant's non-motion for leave.  Defendant's repeated, brazen disregard for the Rules

23  justifies striking its late-added argument from the pleadings.

**2.      Defendant cannot demonstrate good cause even if it properly
24         sought leave**

25

26         Defendant claims that it "could hardly be more diligent" in revealing its new indefiniteness

27  argument, but its own arguments make clear that that is not the case.  Specifically, Defendant

28  attempts to tie its late-added argument to Plaintiffs' proposal of the phrase "the two layers of glass

1  are separated by one or more of the load transferring means" for construction, purportedly because

2  Plaintiffs' contention that Defendant's product falls within the scope of that phrase suggests, to

3  Defendant, that it is indefinite.  Dkt. No. 65 at 8.  This argument crumbles upon even cursory

4  consideration:  Plaintiffs invite the Court to examine the document that Defendant claims gave rise

5  to their new understanding of how Plaintiffs read the claims, attached as Exhibit A—it is just a list

6  of words and phrases.  There are no accompanying explanations, no hint or suggestion of what if

7  anything the list of terms reads on.  *Id.*  By contrast, Plaintiffs' Infringement Contentions, attached

8  as Exhibit B, *does* provide a detailed map of the claim language to Defendant's accused product,

9  including analysis of the phrase "the two layers of glass are separated by one or more of the load

10  transferring means."  Exh. B at 4.  However, Plaintiffs' Infringement Contentions were served on

11  March 22, *a month and a half before* Defendant's Invalidity Contentions were due on May 6.  Dkt

12  No. 36 at 1-2.  As such, if Plaintiffs' interpretation was the triggering event for Defendant's

13  discovery of an indefiniteness argument, then Defendant was equipped to make such discovery *at*

14  *least* as early as March.

15        Defendant's argument that its late disclosure is somehow appropriate because some courts

16  have reasoned that "claim construction and indefiniteness analysis are inextricably intertwined"

17  simply misses the point. The Patent Local Rules required disclosure of any indefiniteness theories

18  in *contentions*, but Defendant failed to do so.  Moreover, Defendant itself participated in setting

19  the deadlines for serving contentions and for claim construction, so it cannot now complain that

20  the schedule should be different.  Indeed, Defendant's claim construction-based argument has

21  been rejected by at least one court, precisely because whether indefiniteness and claim

22  construction are related has no bearing on a trial court's power to manage its schedule:  In

23  *Auxilium Pharm., Inc. v. Watson Labs., Inc.*, a defendant failed to include any indefiniteness

24  argument in its invalidity contentions, but nonetheless sought to raise such an argument during

25  claim construction because, it argued, "the Federal Circuit has made clear that indefiniteness is to

26

27

28

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND
UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS

be resolved during claim construction." 2014 WL 2624780, at *2 (D.N.J. June 12, 2014).[4]  The

court flatly rejected this argument, reasoning:

> "[T] the issue before the Court is not whether "indefiniteness is a question of law
> and in effect part of claim construction." …The Federal Circuit has clearly
> answered that question in the affirmative. Instead, the issue before the Court is
> whether a party that does not assert indefiniteness in its invalidity contentions, as
> required by Local Patent Rule 3.3(d), nonetheless can argue during claim
> construction that certain claim terms are indefinite and, therefore, the patents-at-
> issue are invalid…
>
> While the substance of this case may be complicated, the issue before the Court is
> quite simple. Rule 3.3(d) required Watson, if it wanted to argue the patents were
> invalid for indefiniteness, to set forth the grounds for this argument in its invalidity
> contentions. In fact, Watson did attempt to bring indefiniteness into the case
> through its motion to amend. That motion, however, was denied.[5] **If the Court
> were to accept Watson's argument that it can argue the viscosity terms are
> indefinite, and therefore the patents-at-issue are invalid, during claim
> construction (or at trial) even though Watson failed to comply with Rule
> 3.3(d), Rule 3.3(d) would be rendered meaningless. The Court declines to write
> subsection (d) out of Local Patent Rule 3.3.**

*Id.* at *4 (emphasis added).  There is no reason why the Patent Local Rules of this Court should be

accorded any less regard than those of the District of New Jersey.  Defendant cannot be permitted

to write subsection (d) out of Patent Local Rule 3-3 by inserting an indefiniteness argument into

its pleadings.

Since Defendant has failed to show diligence, it cannot demonstrate good cause for adding

an indefiniteness theory (even assuming it may eventually file a motion for leave, as the Rules

would require). *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed.

---

[4] The District of New Jersey's local rule concerning invalidity contentions includes a provision requiring disclosure of indefiniteness theories identical to that of this Court: "Subsection (d) requires that these Invalidity Contentions must include "[a]ny grounds for invalidity based upon 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims." *Id.* at *3; *compare* Patent L. R. 3-3(d).
[5] In a prior decision, the *Auxilium* court denied the defendant's motion for leave to add an indefiniteness argument, because indefiniteness hinges on how one of ordinary skill would interpret a patent *based upon the patent's disclosure*.  2013 WL 12149760, at *7 (D.N.J. Nov. 11, 2013).  Thus, although defendant "claims that it developed its indefiniteness position only recently as it prepared its claim construction positions," it "could have reviewed the disclosure and considered indefiniteness at least as early as" the date that the patents were publicly available.  *Id.*

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND
UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS

1  Cir. 2006), (where no diligence has been shown, there is "no need to consider the question of

2  prejudice."). Its indefiniteness pleadings should therefore be struck.

3      **III.    CONCLUSION**

4          For the reasons discussed above and in its Motion (Dkt. No. 63), Plaintiffs respectfully

5  request that the Court dismiss Defendant's Lanham Act and UCL claims, and strike its pleadings

6  invoking 35 U.S.C. §112.

7

8  DATED: July 12, 2019                              Respectfully submitted,

9                                                     DICKINSON WRIGHT PLLC

10

11                                                By:  */s/ Jiageng Lu*
                                                      Jiageng Lu (State Bar No. 271589)
12                                                    E-Mail:  JLu@dickinsonwright.com
                                                      607 W. 3rd Street, Suite 2500
13                                                    Austin, Texas 78701
                                                      Telephone:  (512) 770-4200
14                                                    Facsimile:  (844) 670-6009

15
                                                      Jonathan D. Baker (State Bar No. 196062)
16                                                    E-Mail: jdbaker@dickinsonwright.com
                                                      DICKINSON WRIGHT RLLP
17                                                    800 W. California Avenue, Suite 110
                                                      Sunnyvale, CA 94086
18                                                    Telephone:  (408) 701-6100
                                                      Facsimile:  (844) 670-6009
19
                                                      Donald R. McPhail (admitted *pro hac vice*)
20                                                    E-Mail: dmcphail@dickinsonwright.com
21                                                    DICKINSON WRIGHT PLLC
                                                      International Square
22                                                    1825 Eye St. N.W., Suite 900
                                                      Washington, D.C. 20006
23                                                    Telephone: (202) 457-0160
24                                                    Facsimile: (844) 670-6009

25

26

27

28

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND
UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS

1  GUY W. CHAMBERS (State Bar No. 101611)
E-Mail: gchambers@sideman.com
2  ELLEN P. LIU (State Bar No. 280459)
E-Mail: eliu@sideman.com
3  SIDEMAN & BANCROFT LLP
One Embarcadero Center, 22nd Floor
4  San Francisco, California 94111-3711
Telephone: (415) 392-1960
5  Facsimile: (415) 392-0827

6

7  Ryan O. White (admitted *pro hac vice*)
E-Mail: rwhite@taftlaw.com
8  Elizabeth Shuster (admitted *pro hac vice*)
E-Mail: eshuster@taftlaw.com
9  TAFT, STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
10  Indianapolis, Indiana 46204
Telephone: (317) 713-3500
11  Facsimile: (317) 713-3699

12

13  Jaimin H. Shah (admitted *pro hac vice*)
E-Mail:  jshaw@taftlaw.com
14  TAFT STETTINIUS & HOLLISTER LLP
111 E. Upper Wacker Drive, Suite 2800
15  Chicago, IL 60601
Telephone: (312) 836-4171
16  Facsimile: (312) 966-8607

17  ***Attorneys for Plaintiffs***

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S LANHAM ACT AND
UCL COUNTERCLAIMS AND TO STRIKE §112 PLEADINGS