UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELY HOLDINGS LIMITED, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>O'KEEFFE'S, INC.,<br><br>　　　　Defendant. | Case No. 18-cv-06721-JCS<br><br>**ORDER REGARDING MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSE**<br><br>Re: Dkt. No. 63 |

## I. INTRODUCTION

Plaintiffs Ely Holdings Limited and Greenlite Glass Systems, Inc. ("Greenlite") move to dismiss and strike certain counterclaims and affirmative defenses asserted by Defendant O'Keeffe's, Inc. d/b/a Safti First ("Safti"). The Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for August 16, 2019. Although the Court concludes that the present motion will have little if any effect on the case, the Court GRANTS Plaintiffs' motion, with leave for Safti to amend its Lanham Act and Unfair Competition Law counterclaims no later than August 26, 2019, and without prejudice to Safti seeking leave to amend its invalidity contentions, affirmative defenses, and counterclaims to raise an argument of indefiniteness if the Court enters a claim construction order adverse to Safti.[1]

## II. BACKGROUND

### A. Indefiniteness Defense and Counterclaim

Safti's original answer and counterclaim included a brief reference to 35 U.S.C. § 112 in Safti's third affirmative defense, but no other indication that Safti intended to pursue an argument that Plaintiffs' patent is indefinite. *See* Answer (dkt. 11).

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

Safti served its invalidity contentions, which included no contention that Plaintiffs' patent is indefinite, on May 6, 2019, the deadline set by the Court's case management order. *See* Mot. (dkt. 63) Ex. A; Patent Case Mgmt. & Pretrial Order (dkt. 36) ¶ I.C. Safti's first amended answer, filed the same day, included the same conclusory reference to § 112 in Safti's third affirmative defense as in the original answer, but again no counterclaim asserting indefiniteness nor any other indication that Safti intended to pursue such an argument. *See* 1st Am. Answer (dkt. 45).

After Plaintiffs filed their first amended complaint to add Greenlite as a plaintiff on May 16, 2019 (dkt. 49), and after Plaintiffs provided a list of terms for claim construction on May 20, 2019,[2] Safti filed an answer to that complaint and an amended version of its counterclaims on May 31, 2019, which includes the following language regarding indefiniteness:

> THIRD DEFENSE
>
> 3. U.S. Patent No. 7,694,475 B2 is invalid under one or more of the provisions of Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112.
>
> [. . .]
>
> COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,694,475 B2
>
> [. . .]
>
> 14. The '475 Patent is invalid for failing to satisfy the conditions of patentability set forth in the Patent Laws of the United States, namely 35 U.S.C. § 112, in that asserted independent claim 1, as well as dependent claims 2, 5–8, 11–16, and 21, and independent claim 24, as well as dependent claims 25, 26, and 28, of the '475 Patent are indefinite in that they do not clearly and precisely inform persons skilled in the art of the meaning of the term "the two layers of glass are separated by one or more of the load transferring means."

Answer to 1st Am. Compl. & Am. Counterclaim ("Answer to FAC," dkt. 56). Plaintiffs argue that Safti's affirmative defense and counterclaim of indefiniteness should be stricken for failure to disclose such a theory in Safti's invalidity contentions. *See* Mot. at 8–10.

---

[2] *See* Opp'n (dkt. 65) at 8; Reply (dkt. 67) Ex. A. Neither party has been punctilious in developing a record of the factual background relevant to the present motion. Plaintiffs have attached documents exchanged by the parties as exhibits to their briefs without declarations to explain or authenticate them, while Safti has simply asserted factual background in its briefs without any form of evidence. Neither party objects to the other's evidence, however, and the relevant facts do not appear to be in dispute.

2

**B.  Lanham Act and UCL Counterclaims**

In addition to its invalidity counterclaim, Safti also brings counterclaims under the Lanham Act and California's Unfair Competition Law (the "UCL"). The relevant factual allegations of the Lanham Act counterclaim are as follows:

> 16. Cross-Complainant Safti is in competition with Greenlite in the fire and safety glazing market in the United States. Greenlite and Safti have competed for the same fire and safety glazing related jobs, in states including Tennessee, Illinois and California.
>
> 17. Some jobs referenced in paragraph 16 above have "buy America" provisions, requiring that the goods provided be manufactured in America. In an effort to obtain "buy America" jobs, and in order to obtain fire rated glazing jobs, in competition with Safti, Greenlite made several misrepresentations including:
>
> • representing that it was supplying materials manufactured in America;
>
> • representing that fire and safety floors could not be obtained from any American manufacturer;
>
> • representing that it produced "the only exterior fire-rated glass floor/skylight system available in North America";
>
> • representing that it made "the only exterior glazed system with an insulated Glass assembly for North America";
>
> • representing, without any reasonable basis therefor, that Safti's fire and safety related flooring violated the patent on Greenlite's product.
>
> 18. At the time that it made those representations, Greenlite knew them to be false, knowing that: the Liteflam product which it offered for sale was made in Europe; exterior fire-rated glass floor/skylight systems, and exterior glazed systems with an insulated Glass assembly, were made and sold in California by Safti; and that Safti's fire and safety rated floor did not violate its alleged patent

Answer to FAC at 7, ¶¶ 16–18. In its UCL counterclaim, Safti alleges that the same conduct "was performed for the purpose of deceiving purchasers" and "was unfair, deceptive, fraudulent, and unlawful." *Id.* ¶¶ 22–23. Plaintiffs contend that these allegations do not satisfy the pleading standing of Rule 9(b) of the Federal Rules of Civil Procedure. *See* Mot. at 4–8.

**III.  ANALYSIS**

**A.  Motion to Strike Defense and Counterclaim Regarding Indefiniteness**

This Court's local rules require parties in patent cases to disclose their invalidity

3

contentions at the outset of the case, including "[a]ny grounds of . . . indefiniteness under 35 U.S.C. § 112(2)." The Federal Circuit has affirmed that this Court may bar a party from pursuing theories not timely disclosed in contentions as required by those local rules. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363–68 (Fed. Cir. 2006). Patent L.R. 3-3(d). Patent Local Rule 3-6 governs amendment of invalidity contentions and reads as follows:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent L.R. 3-6. Plaintiffs cite this rule for their argument that Safti has failed to seek leave to amend its contentions, but do not address the terms of the rule in any detail. Safti does not address the rule at all.

Interpreting an earlier version of this Court's patent rules, the Federal Circuit has held "that 'good cause' requires a showing of diligence." *O2 Micro*, 467 F.3d at 1366. Safti's only argument that it acted diligently is that it filed its operative answer and counterclaim within the time allowed to respond to Plaintiffs' amended complaint, and only eleven days after receiving Plaintiffs' proposed terms for claim construction, which purportedly put Safti on notice that Plaintiffs would pursue a broad construction of the phrase "the two layers of glass are separated by one or more of the load transferring means." Opp'n (dkt. 65) at 7–8. As Plaintiffs note in their reply brief, the proposed terms document on which Safti relies is merely a list of terms with no explanation of proposed constructions, and Plaintiffs' infringement contentions, served several weeks before Safti's invalidity contentions were due, made clear Plaintiffs' position that Safti's product satisfied the claim at issue. *See* Reply (dkt. 67) at 8 & Exs. A, B. It is difficult to see how the proposed terms provided Safti with its first notice that Plaintiffs might pursue a broad

4

construction of the relevant phrase. It is even more difficult to see how Safti acted diligently in including indefiniteness within its answer and amended counterclaim without also seeking leave to amend its invalidity contentions—an omission that Safti does not address in its opposition brief except to belatedly seek such leave now. The record before the Court on the present motion indicates that that Safti did not act diligently.

In different circumstances, the Court would consider whether the relatively short period of time between Safti serving its invalidity contentions and filings its amended counterclaim, combined with the total absence of any argument that the delay has prejudiced Plaintiffs, warrants excusing the failure to disclose indefiniteness arguments timely in Safti's contentions despite Safti's lack of diligence. *See, e.g.*, *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016) (stating that "the court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party," and citing cases so holding). Here, however, granting Defendants' motion to strike Safti's indefiniteness defense and counterclaim does not prejudice Safti.

According to Safti's opposition brief, Safti asserts indefiniteness solely based on the possibility of the Court adopting a broader construction of Plaintiffs' patent than Safti believes is warranted. If the Court in fact adopts such a construction, Safti would have good cause to amend its invalidity contentions at that time. *See* Patent L.R. 3-6(a) (identifying as one potential basis for good cause a "claim construction by the Court different from that proposed by the party seeking amendment"). In light of that provision of the local rule, it is unlikely that a ruling in either party's favor on the present motion will have any meaningful effect on the outcome of this case. Because Safti failed to include indefiniteness in its invalidity contentions as required by Patent Local Rule 3-3(d), did not seek leave to amend its contentions, has not shown diligence in its failure to seek such leave, and will not be prejudiced by striking the counterclaim and defense at this time, the Court GRANTS Plaintiffs' motion to strike paragraph 14 of Safti's amended counterclaim and the reference to 35 U.S.C. § 112 in its third affirmative defense, without prejudice to Safti moving for leave to amend its contentions, claims, and defenses in the event of

5

an adverse claim construction decision.

**B.    Motion to Dismiss Claims Sounding in Fraud**

Rule 9(b) of the Federal Rules of Civil Procedure sets a heightened pleading standard for claims based on fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit has held that in order to meet this standard, a "complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); *see also McMaster v. United States*, 731 F.3d 881, 897 (9th Cir. 2013). "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (ellipsis in original).

Even "where fraud is not a necessary element of a claim," if the plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim . . . , the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). The Ninth Circuit has "specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL" if a plaintiff's claim is based on fraudulent conduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess*, 317 F.3d at 1102–05). "Although there is some disagreement, the majority of district courts within the Ninth Circuit have extended the Ninth Circuit's application of Rule 9(b) pleading standards in *Kearns* and *Vess* to false advertising claims under the Lanham Act." *A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, No. C14-1160JLR, 2014 WL 5365514, at \*7 (W.D. Wash. Oct. 21, 2014); *see also 23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889, 908 (N.D. Cal. 2018) (holding that although the Ninth Circuit has not resolved the issue and district courts are divided, "the better reasoned authority is that, where a Lanham Act claim is predicated on the theory that the defendant engaged in a knowing and intentional

6

misrepresentation, then Rule 9(b) is applicable"), *appeal docketed*, No. 19-1222 (9th Cir. Nov. 26, 2018).

Safti argues that Rule 9(b) does not apply to its counterclaims under the Lanham Act and the UCL because they "do not assert a course of conduct that is fraudulent under California law." Opp'n at 2–4. Safti relies in part on Judge Grewal's decision in *Oracle America, Inc. v. TERiX Computer Company, Inc.*, which held that a claim under the Computer Fraud and Abuse Act was not subject to Rule 9(b) in part because it did not "rely entirely on a course of conduct that is fraudulent under California law" and instead "involve[d] third-party reliance [by non-party customers] and not the first-party reliance [by the plaintiff] required to recover for an economic injury from fraud under California law." *Oracle*, No. 5:13-cv-03385-PSG, 2014 WL 31344, at *4 (N.D. Cal. Jan. 3, 2014). This Court respectfully disagrees with the proposition that the application of Rule 9(b) to a claim under a federal statute depends on the definition of fraud under the law of the state where the Court is located, which presumably would result in federal pleading standards for federal claims that vary from state to state. Nor is this Court persuaded that the distinction between first-party reliance by a plaintiff and third-party reliance by customers common to the plaintiff and defendant is sufficient to remove a claim from the scope of Rule 9(b).

Setting aside that minor distinction, Safti's counterclaim alleges that Greenlite made knowingly false statements for the purpose of deceiving customers, which resulted in lost sales by Safti, presumably as a result of customers' reliance on Greenlite's false statements. *See* Answer to FAC at 7–8, ¶¶ 17–19, 22–23. Such allegations are grounded in fraud. *See 23andMe*, 356 F. Supp. 3d at 908 ("There is no real dispute here that [the plaintiff] is asserting knowing and intentional misrepresentations on the part of [the defendant]. Therefore, the Court must evaluate whether the requirements of Rule 9(b) have been met."). Safti must satisfy Rule 9(b) as to its Lanham Act and UCL counterclaims.

Safti also argues that its current allegations meet that standard because they identify specific statements by Greenlite. Opp'n at 4–5. Although Safti's allegations are more than bare assertions of fraud, they do not provide any significant "details of the alleged fraudulent activity." *See Neubronner*, 6 F.3d at 672. The allegations therefore do not meet the standard of Rule 9(b),

and the Court GRANTS Plaintiffs' motion to dismiss these counterclaims.

Plaintiffs argue that the Court should not permit Safti to amend its counterclaims, and should not consider the proposed amendments that Safti attaches to its opposition, because Safti has not filed a motion seeking leave to do so. *See* Reply at 4–5 ("As a threshold matter, it is improper for [Safti] to attempt to shoehorn a motion for leave to amend pleadings into its Opposition: As the Federal Rules make clear, a motion for leave is required to amend pleadings, and an opposition is *not* a motion. *See* Fed. R. Civ. P. 15."). Although Rule 15 of the Federal Rules of Civil Procedure requires either leave of the Court or consent of the parties to amend more than once, it says nothing about requiring a *motion* for leave to amend. Such a requirement would be counter to law and to common practice. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n a line of cases stretching back nearly 50 years, we have held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend *even if no request to amend the pleading was made*, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" (citations omitted; emphasis added)); *see* Opp'n at 6 (quoting *Lopez* for that rule). Plaintiffs' argument to the contrary is frivolous.[3]

Safti's proposed amendments identify specific statements on Greenlite's website, a specific representation that Greenlite's president Ryan Dennett made to an architecture firm in May of 2017, and a specific representation that Dennett made to customers in San Francisco in July of 2017, as well as statements by Dennett that tend to contradict at least some of the above. *See* Opp'n app. A ¶ 17. The proposed amendment would likely satisfy Rule 9(b). Although Plaintiffs argue that even these amended allegations fail to allege grounds for Greenlite's knowledge of any falsity, Reply at 5–6, Rule 9(b) provides that "knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b), and Safti's allegations that Greenlite competed against it in the same industry for the same projects and customers is sufficient at the pleading stage to support an inference that Greenlite would have some basic knowledge of Safti's product.

---

[3] Plaintiffs also argue that Safti's proposal to amend "is a tacit admission" that Rule 9(b) applies and is not satisfied. Reply at 1. This, too, is frivolous. Parties routinely present arguments in the alternative, and prudence often counsels in favor of doing so.

8

*See* Opp'n app. A ¶ 16. Plaintiffs also note Safti's allegation that Dennett disclaimed knowledge of Safti's manufacturing process, *see id.* ¶ 17(c), but that is not inconsistent with Safti's allegation that Greenlite knew Safti's product was fire-rated and available for sale in California, *id.* ¶ 18. And while Plaintiffs argue that Safti has no basis to allege knowledge of non-infringement while the issue of infringement is being actively litigated, Plaintiffs neglect that Safti's amended complaint no longer alleges such knowledge, and instead alleges that Greenlite "had *no basis to believe that* Safti's fire and safety rated floor violates its alleged patent." *Id.*[4] Accordingly, with no reason to conclude that Safti could not cure its current failure to meet the pleading standard of Rule 9(b), the Court GRANTS Safti leave to amend.

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs' motion is GRANTED, without prejudice Safti amending its Lanham Act and UCL counterclaims, and without prejudice to Safti seeking leave to amend its contentions, defenses, and counterclaims in the event of an adverse ruling on claim construction. Safti may file an amended counterclaim no later than August 26, 2019. Given the inconsequential nature of this decision, the outcome should not be seen as a victory for either party.

This is the second motion that Plaintiffs have filed at the pleading stage with little if any practical effect on the case as a whole. *See* Order Re Mot. to Dismiss (dkt. 32). The Court therefore ORDERS that, before filing any further motion in this action, the parties must meet and confer to discuss whether the motion will materially affect the outcome of the case, whether any effect of the motion is likely to be rendered moot by foreseeable future developments, and whether a mutually agreeable resolution can be reached. Any future motion must certify that the parties

/ / /

/ / /

/ / /

---

[4] As with most of the parties' disputes thus far, some degree of blame for this oversight lies with both sides: Safti's redline of its proposed changes fails to identify this as a change from its existing allegations. *Compare* Opp'n app. A ¶ 18 *with* Answer to FAC at 7, ¶ 18.

9

have met and conferred and were unable to reach an agreement, and that the party bringing the motion believes that it is an appropriate use of resources at that stage of the case.

**IT IS SO ORDERED.**

Dated: August 12, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge