| | |
|---|---|
| Donald R. McPhail (admitted *pro hac vice*)<br>Email: dmcphail@dickinsonwright.com<br>DICKINSON WRIGHT PLLC<br>International Square<br>1825 Eye St. N.W., Suite 900<br>Washington, D.C. 20006<br>Telephone: (202) 457-0160<br>Facsimile: (844) 670-6009 | GUY W. CHAMBERS (State Bar No. 101611)<br>E-Mail: gchambers@sideman.com<br>ELLEN P. LIU (State Bar No. 280459)<br>E-Mail: eliu@sideman.com SIDEMAN &<br>BANCROFT LLP<br>One Embarcadero Center, 22nd Floor San<br>Francisco, California 94111-3711 Telephone:<br>(415) 392-1960<br>Facsimile: (415) 392-0827 |
| Jonathan D. Baker (State Bar No. 196062)<br>Email:  jdbaker@dickinsonwright.com<br>DICKINSON WRIGHT RLLP<br>800 W. California Avenue, Suite 110<br>Sunnyvale, CA 94086<br>Telephone:  (408) 701-6100<br>Facsimile:  (844) 670-6009 | Ryan O. White (admitted *pro hac vice*)<br>Email: rwhite@taftlaw.com<br>Elizabeth Shuster (admitted *pro hac vice*)<br>Email: eshuster@taftlaw.com<br>TAFT, STETTINIUS & HOLLISTER LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, Indiana 46204<br>Telephone: (317) 713-3500<br>Facsimile: (317) 713-3699 |
| Jiageng Lu (State Bar No. 271589)<br>Email:  jlu@dickinsonwright.com<br>DICKINSON WRIGHT PLLC<br>607 W. 3rd Street, Suite 2500<br>Austin, Texas 78701<br>Telephone:  (512) 770-4200<br>Facsimile:  (844) 670-6009 | Jaimin H. Shah (admitted *pro hac vice*)<br>Email: jshah@taftlaw.com<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 E. Upper Wacker Drive, Suite 2800<br>Chicago, IL 60601<br>Telephone: (312) 836-4171<br>Facsimile: (312) 966-8607 |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ELY HOLDINGS LIMITED,  a United Kingdom company, and<br>GREENLITE GLASS SYSTEMS INC., a Canadian Company<br><br>Plaintiffs,<br><br>v.<br><br>O'KEEFFE'S, INC. d/b/a SAFTI FIRST, a California corporation, ,<br><br>Defendant. | Case No. 3:18-cv-06721 JCS<br><br>**PLAINTIFFS' MOTION FOR SANCTIONS AGAINST NON-PARTY ACR GLASS AND DOORS**<br><br>Judge:   Honorable Joseph C. Spero<br>Date:     November 1, 2019<br>Time:    9:30 a.m.<br>Courtroom: G, 15th Floor |

**NOTICE OF MOTION**

Please take notice that on November 1, 2019, or as soon thereafter as the matter may be heard, in Courtroom G, 15th floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Joseph C. Spero.

Plaintiffs Ely Holdings Limited and Greenlite Glass Systems Inc. (collectively, "Greenlite") will and hereby does move this Court for sanctions against non-parties ACR Glass and Doors and Mr. Choowang Chia (collectively, "ACR") under 18 U.S.C. § 401 for repeatedly refusing to comply with Greenlite's subpoenas seeking documents and deposition (collectively, "Subpoenas") and stonewalling Greenlite's efforts to obtain discoverable information under Rule 45. This application is based upon the following Memorandum of Points and Authorities, the supporting declaration of attorney Jaimin H. Shah ("Shah Decl."), Plaintiffs' application for an order to show cause why non-party ACR Glass and Doors should not be held in contempt for refusing to comply with Plaintiffs' subpoenas (D.I. 75, "Contempt Motion") and all attached exhibits thereto, and such other evidence and argument as may be presented in connection with the determination of this motion.

Respectfully submitted,

Taft Stettinius & Hollister LLP

*/s/ Jaimin H. Shah*
Jaimin H. Shah
*Attorney for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

As explained in the Contempt Motion, ACR has repeatedly refused to comply with the Subpoenas. ACR's evasive "I am very busy no time for what ever this is" is an attempt to hide the true story behind why ACR unceremoniously ousted Greenlite from San Francisco's Central Subway construction project. ACR's hanging up the phone when informed of its legal obligation to comply with the Subpoenas is an affront not just to Greenlite's counsel, but to this Court.

ACR's conduct with respect to the Subpoenas is eminently sanctionable. Sanctions are warranted because ACR has *refused to even consider* the Subpoenas, effectively slamming the door every time Greenlite's counsel approached ACR to request compliance. Sanctions are warranted because ACR has *caused Greenlite to escalate its legal spend*. Most importantly, sanctions are warranted because ACR has *flagrantly defied* the Subpoenas issued from this Court.

## II. CONCISE STATEMENT OF RELEVANT FACTS

Greenlite incorporates by reference herein the Concise Statement of Relevant Facts from the Contempt Motion.

## III. LEGAL STANDARD

Under 18 U.S.C. § 401, "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Civil contempt sanctions are imposed to coerce compliance with a court's order and to compensate for losses due to continued contumacy. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). "A court has wide latitude in

2  Case No. 3:18-cv-06721 JCS
PLAINTIFFS' MOTION FOR SANCTIONS AGAINST NON-PARTY ACR GLASS AND DOORS

determining whether there has been contemptuous defiance of its order." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1364 (9th Cir. 1987) (*quoting Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir.1984)).

Rule 37 authorizes a court to impose sanctions for failure to comply with a court order, where "order" includes "any order relating to discovery." *See Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018). A subpoena issued in connection with discovery is a court order for purposes of Rule 37. *Batson v. Neal Spelce Associates. Inc.*, (W.D. Tex. 1986) 112 F.R.D. 632, 647, *aff'd*, 805 F.2d 546 (5th Cir. 1986).

This Court's Local Rule 7-8(a) requires that a motion for sanctions be filed separately.

## IV.     ARGUMENT

This Court should sanction ACR for defying its orders and frustrating Greenlite's pursuit of discoverable information for nearly three months, ultimately forcing Greenlite to file the Contempt Motion. ACR's disregard for rules, civic duty, and professionalism entail at least monetary sanctions—both to coerce ACR's compliance and compensate Greenlite for its losses. *See Falstaff Brewing*, 702 F.2d at 778.

ACR rebuffed Greenlite's counsel every time he approached ACR to seek compliance with the Subpoenas. (Contempt Motion at Section II; Shah Decl. to Contempt Motion). ACR's unjustified recalcitrance has cost Greenlite. (Shah Decl. at ¶¶3-4). Greenlite should therefore be compensated for its legal spend due to ACR's repeated refusals to comply. *See In re Coan*, No. C06-80350 MISCSI, 2007 WL 128010, at *5–6 (N.D. Cal. Jan. 12, 2007) (granting requesting party's motion for sanctions against subpoenaed parties for their refusal to comply and ordering attorneys' fees incurred in briefing the motion to compel); *Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2013 WL 5705291, at *5 (D. Ariz. Oct. 18, 2013) (ordering the requesting party to file an affidavit of attorney's costs, fees, and other expenses incurred because of the nonparty's failure to comply with a subpoena).

More appalling is ACR's disdain for the rule of law. In *US Philips Corporation v. International Norcent Technology Inc. et al.*, the court sanctioned a nonparty because she "failed to comply with the [s]ubpoena, which is a valid order of th[e] Court" and "refused

PLAINTIFFS' MOTION FOR SANCTIONS AGAINST NON-PARTY ACR GLASS AND DOORS

to produce a single document … as required by the [s]ubpoena." No. 2:06CV01366, Dkt. No. 760, at 38 (C.D. Cal. Sep. 23, 2008). As a result, the court ordered compensatory contempt sanctions in the form of reasonable attorney fees incurred by the requesting party because of the non-party's refusal to comply with the subpoena. *Id.* at 41.

Thus, upon finding ACR to be in contempt, this Court should award Greenlite its costs and fees incurred in having to chase ACR and then involve this Court for the Rule 45 discovery. Greenlite seeks $11,613, the legal fees and costs it had to spend unnecessarily in pursuing ACR. (Shah Decl. at ¶¶3-4).

DATED: September 24, 2019     Respectfully submitted,

Taft Stettinius & Hollister LLP

By:  */s/ Jaimin H. Shah*
     Jaimin H. Shah

     *Attorney for Plaintiffs*

# [PROPOSED] ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for sanctions is **GRANTED**;

2. ACR Glass and Door is **ORDERED** to pay Plaintiffs' reasonable costs, including but not limited to reasonable attorney fees, amounting to $11,613 incurred in enforcing the Rule 45 subpoena.

3. Failure to comply with this Order to Show Cause may subject ACR Glass and Door and Mr. Choowang Chia to further contempt sanctions; and

4. Plaintiffs are directed to effect service of this order on ACR Glass and Door by no later than _____, at their place of business, or any other locations that they shall be found, and to file proof of service of this order by no later than _____.

**IT IS SO ORDERED**.

Dated:

                                                                                  _____
                                                                                  Honorable Joseph C. Spero

# CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was serviced via electronic mail on the 24th of September, 2019 on ACR Glass and Door, Chu Chia, and the counsel of record for Defendant:

Chu Chia
ACR Glass and Door
8124 Capwell Dr.
Oakland, CA 94621
Email: cChia@acrglazing.com

Mark I. Schickman
Cathleen S. Yonahara
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 541-0200
Facsimile: (415) 495-4332
Email: schickman@freelandlaw.com
yonahara@freelandlaw.com

Theodore J, Bielen, Jr.
BIELEN & LAMPE
1390 Willow Pass Road, Suite 1020
Concord, California 94520
Telephone: (925) 288-9720
Facsimile: (925) 288-9731
Email: bielenlt@yahoo.com

Respectfully submitted,

Taft Stettinius & Hollister LLP

*/s/ Jaimin H. Shah*
Jaimin H. Shah
*Attorney for Plaintiffs*