| | |
|---|---|
| Donald R. McPhail (admitted *pro hac vice*)<br>Email: dmcphail@dickinsonwright.com<br>DICKINSON WRIGHT PLLC<br>International Square<br>1825 Eye St. N.W., Suite 900<br>Washington, D.C. 20006<br>Telephone: (202) 457-0160<br>Facsimile: (844) 670-6009 | Mark Isaac Schickman (SBN 62653)<br>Schickman Law<br>1019 Euclid Avenue<br>Berkeley, Ca.  94108<br>(510) 467-2909<br>Mark@SchickmanLaw.com<br>www.SchickmanLaw.com |
| Jonathan D. Baker (State Bar No. 196062)<br>Email: jdbaker@dickinsonwright.com<br>DICKINSON WRIGHT PLLC<br>800 W. California Avenue, Suite 110<br>Sunnyvale, CA 94086<br>Telephone: (408) 701-6100<br>Facsimile: (844) 670-6009 | |
| Ryan O. White (admitted *pro hac vice*)<br>Email: rwhite@taftlaw.com<br>Elizabeth Shuster (admitted *pro hac vice*)<br>Email: eshuster@taftlaw.com<br>TAFT STETTINIUS & HOLLISTER LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, IN 46204<br>Telephone: (317) 713-3500<br>Facsimile: (317) 713-3699 | Theodore J. Bielen , Jr. (SBN 56395)<br>BIELEN LAMPE & THOEMING, P.A.<br>1390 Willow Pass Road, Suite 1020<br>Concord, CA 94520<br>(925) 288-9720<br>Fax: (925) 288-9731<br>Email: bielenlt@yahoo.com<br><br>***Attorneys for Defendant***<br>***O'Keeffe's, Inc. d/b/a SAFTI FIRST***<br>***a California corporation*** |
| Philip R. Bautista (admitted *pro hac vice*)<br>Email: pbautista@taftlaw.com<br>TAFT STETTINIUS & HOLLISTER LLP<br>200 Public Square, Suite 3500<br>Cleveland, OH 44114<br>Telephone: (216) 241-2838<br>Facsimile: (216) 241-3707 | |

***Attorneys for Plaintiffs***
***Ely Holdings Limited and***
***Greenlite Glass Systems Inc.***

Case No. 3:18-cv-06721 JCS

**STIPULATION AND [PROPOSED] ORDER CONCERNING
PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELY HOLDINGS LIMITED, a United Kingdom company, and<br>GREENLITE GLASS SYSTEMS INC., a Canadian Company,<br><br>    Plaintiff,<br><br>  v.<br><br>O'KEEFFE'S, INC. d/b/a SAFTI FIRST, a California corporation,<br><br>    Defendant. | Case No. 3:18-cv-06721 JCS<br><br>**STIPULATION AND [PROPOSED] ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS** |

  Plaintiffs and Defendant (collectively, the "Parties") jointly stipulate to the following protocol for conducting depositions via remote means in the above-captioned manner:

  1. Until such time as it is no longer necessary to practice social distancing, all depositions shall be conducted remotely using videoconference technology, and each deponent shall be video-recorded.  This stipulation does not preclude in-person depositions to the extent the Parties and the deponent are all agreeable to the same.

  2. The Parties agree to use persons qualified under Federal Rule of Civil Procedure 28(a) employed by either Henderson Legal Services ("HLS") or [ a court reporter firm selected by Defendant which provides reasonably equivalent remote reporting services and platform]("the court reporter") for court reporting, videography, videoconference and remote deposition services. The Parties agree that the court reporter and videographer may remotely attend each remote deposition to stenographically and video record the deposition, and that the reporters office shall provide all technological support, and administer the virtual breakout rooms, all in a manner calculated and designed to provide an accurate and complete record of the  proceedings.

  3. The Parties agree that these remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree

not to object to their use on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately. Only one counsel for plaintiffs and one counsel for defendant may examine or make objections regarding a natural or party deponent, except that each separate individual testifying as a Rule 30(b)(6) deponent may be examined by a separate counsel. Each person attending a deposition shall be visible to all other participants, their statements shall be audible to all participants, they shall have no medium of information in the deposition room which is not disclosed on the record and they should each strive to ensure their environment is free from noise and distractions.

5. Consistent with the Local Rules of this District, no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

6. During breaks in the deposition, the Parties may use the breakout room feature provided by the court reporter, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established and controlled by the court reporter.

7. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides, but is authorized to administer oaths under Federal law. If any portion of the record is not properly received for the record due to digital transmission difficulties which cannot reasonably be corrected during the course of the deposition, the deposing party shall have the opportunity to reopen the deposition to re-ask the questions for which responses were not properly received due to such digital transmission difficulties.

8. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. The videographer will simultaneously videotape the deposition and preserve the video recording. The court reporter shall have access to the video recording for use in preparation of the written transcript.

9. The Parties agree that the court reporter shall be an "Officer" as defined by Federal Rule of Civil Procedure 28(a) authorized to administer the oath to the witness via the videoconference. The deponent may be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

10. The Party that noticed the deposition shall be responsible for procuring a written transcript and video record of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

11. The Party that noticed the deposition shall provide the court reporter with a copy of this Stipulation and Order at least twenty-four hours in advance of the deposition.

12. At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the videographer responsible for video-recording the deposition shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

13. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the videographer responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

14. The Parties agree to work collaboratively and in good faith with the court reporter's office to assess each deponent's technological abilities and to troubleshoot any issues at least 24 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and

1  make such provisions as are reasonable under the circumstances to address such issues. This
2  provision shall not be interpreted to compel any Party to proceed with a deposition where the
3  deponent cannot hear or understand the other participants or where the participants cannot hear or
4  understand the deponent.

5        15.    Every deponent shall endeavor to have technology sufficient to appear for a
6  videotaped deposition (*e.g.*, a webcam and computer or telephone audio), and bandwidth sufficient
7  to sustain the remote deposition under normal operating conditions. Counsel for each deponent shall
8  consult with the deponent prior to the deposition to ensure the deponent has the required
9  technology. If not, counsel for the deponent shall endeavor to supply the required technology to the
10 deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the
11 deposition shall supply any necessary technology that the deponent does not have.

12       16.    The Parties agree that this Stipulation and Order applies to remote depositions of
13 non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule
14 remote depositions of non-parties. Notwithstanding, this paragraph 16 does not prohibit the
15 subpoenaing party from scheduling a deposition that is most convenient to it, in the event the parties
16 cannot mutually agree to a date for the deposition of a third-party.  The Party noticing any third-
17 party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45
18 a reasonable time before the date of the deposition.

19       17.    The Parties agree that any of the following methods for administering exhibits may
20 be employed during a remote deposition, or a combination of one or more methods:

21       (i)    Counsel noticing the deposition may choose to mail physical copies of
22 documents that may be used during the deposition to the deponent, the deponent's counsel, the other
23 Party's counsel, and the court reporter. In that event, noticing counsel shall so inform the deponent,
24 deponent's counsel, the other Party's counsel, and the court reporter prior to mailing the documents
25 and shall provide tracking information for the package. Such documents shall be delivered by 12:00
26 pm ET the business day before the deposition. Counsel for the deponent, the other Party's counsel,
27 and the court reporter shall confirm receipt of the package by electronic mail to Counsel noticing

28

the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. The deponent's copy will be sealed in a double envelope, or provided with some other means to avoid accidental opening.

        (ii)    Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. The .zip file shall be delivered by 12:00 pm ET the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to Counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.  The instructions regarding the opening of the .zip file in accordance with this paragraph shall be conspicuously marked in the communication transmitting the .zip file.

        (iii)    Counsel may introduce exhibits electronically before or during the deposition, by using the court reporter's document-sharing technology, by using the screen- sharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

18. All deponents receiving documents before or during a deposition, pursuant to Paragraph 17 above, shall return the documents to the counsel who sent them originally, and shall not retain them in any manner. Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent.

19. Counsel for the Parties may keep any document or exhibit used during the deposition, consistent with the Stipulated Protective Order entered in this case.  Counsel for the

- 6 -

Case No. 3:18-cv-06721 JCS

**STIPULATION AND [PROPOSED] ORDER CONCERNING
PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

Parties shall return any documents not used during the deposition and not previously produced or exchanged between the parties to the counsel who sent them originally, within two business days following the completion of the deposition, or destroy them, and shall not retain them in any manner.

20. The Parties and their respective counsel agree that they shall take reasonable steps to understand and utilize the remote deposition platform selected by the court reporter, e.g., ZOOM, in order to minimize technical difficulties that may arise as a result of remote depositions.

Stipulated to:

Dated: June 26, 2020          By:   */s/: Jonathan D. Baker* (SBN 196062)
                                    Attorney for Plaintiffs

                              By:   */s/: Mark Schickman* (SBN 62653)
                                    Attorney for Defendant

### SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: June 26, 2020          DICKINSON WRIGHT RLLP

                              By: */s/ Jonathan D. Baker*
                                  Jonathan D. Baker (SBN 196062)

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____   _____
                              The Honorable Joseph C. Spero
                              United States Chief Magistrate Judge