| | |
|---|---|
| Donald R. McPhail (admitted *pro hac vice*) Email: dmcphail@dickinsonwright.com Shih Ching Li (admitted *pro hac vice*) Email: eli@dickinsonwright.com DICKINSON WRIGHT PLLC International Square 1825 Eye St. N.W., Suite 900 Washington, D.C. 20006 Telephone: (202) 457-0160 Facsimile: (844) 670-6009 | Ryan O. White (admitted *pro hac vice*) Email: rwhite@taftlaw.com Elizabeth Shuster (admitted *pro hac vice*) Email: eshuster@taftlaw.com TAFT, STETTINIUS & HOLLISTER LLP One Indiana Square, Suite 3500 Indianapolis, IN 46204 Telephone: (317) 713-3500 Facsimile: (317) 713-3699 |
| Jonathan D. Baker (State Bar No. 196062) Email: jdbaker@dickinsonwright.com DICKINSON WRIGHT PLLC 800 W. California Avenue, Suite 110 Sunnyvale, CA 94086 Telephone: (408) 701-6100 Facsimile: (844) 670-6009 | Philip R. Bautista (admitted *pro hac vice*) Email: pbautista@taftlaw.com TAFT STETTINIUS & HOLLISTER LLP 200 Public Square, Suite 3500 Cleveland, OH 44114 Telephone: (216) 241-2838 Facsimile: (216) 241-3707 |

*Attorneys for Plaintiffs Ely Holdings Limited and Greenlite Glass Systems Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ELY HOLDINGS LIMITED, a United Kingdom company, and GREENLITE GLASS SYSTEMS INC., a Canadian company, <br><br>Plaintiffs, <br><br>v. <br><br>O'KEEFFE'S, INC. d/b/a SAFTI FIRST, a California corporation, <br><br>Defendant. | Case No. 3:18-cv-06721 JCS <br><br>**PLAINTIFFS' NOTICE OF MOTION, MOTION TO EXCLUDE OPINIONS, AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT** <br><br>Date: January 22, 2021 <br>Time: 9:30 a.m. <br>Courtroom: Courtroom F, 15th Floor <br>Judge: Joseph C. Spero |

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES……………………………………………………….…..1

RELEVANT FACTS……………………………………………………………………..……..1

STANDARD OF REVIEW…………………………………………………………………....2

LAW AND ARGUMENT……………………………………………………………………..3

    I.   STEVICK'S VALIDITY OPINIONS REST UPON
DISQUALIFYING ERRORS……………………………………………………….....3

        A.    Error 1 – Failure to Consider Specification and Claim Language when
Construing "*Load Transferring Mean*...………………………………………3

        B.    Error 2 – Failure to Understand the Law of Anticipation………………….…5

        C.    Error 3 – Failure to Provide any Obviousness Analysis…………………………6

    II.   STEVICK'S INFRINGEMENT OPINIONS REST UPON
DISQUALIFYING ERRORS………………………………………………………...…8

CONCLUSION……………………………………………………………………………10

# TABLE OF AUTHORITIES

*ActiveVideo Networks, Inc. v. Verizon Comm'ns, Inc.*,
    694 F.3d 1312, 1327-28 (Fed. Cir. 2012)……………………………………...…..6, 8

*Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993)……………………………2, 8, 9

*Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221–1222 (10th Cir. 2003)…………………………..9

*Innogenetics, NV v. Abbott Laboratories,* 512 F.3d 1363, 1573-1574 (Fed. Cir. 2008)………..…8

*In re Chudik*, 851 F.3d 1365, 1374 (Fed. Cir. 2017)………………………………………….6

*Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*,
    869 F.3d 1336, 1343 (Fed. Cir. 2017)…………………………………………………….6

*InTouch Techs., Inc. v. VG Commc'ns, Inc.*, 751 F.3d 1327, 1347 (Fed. Cir. 2014)……..…6, 7, 8

*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418-19 (2007)…………………………………...7

*Phillips v. AWH Corp*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (*en banc*)……………………..…3

*Procter & Gamble Co. v. Teva Pharms. USA, Inc.*,
    566 F.3d 989, 995-96 (Fed. Cir. 2009)…………………………………………………...8

*Ruckus Wireless v. Innovative Wireless*, 824 F.3d 999, 1002-1003 (Fed. Cir. 2015)…………………3

*Synergetics, Inc. v. Hurst*, 477 F.3d 949, 955 (8th Cir. 2007)…………………………………….9

*Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1335 (Fed. Cir. 2002)……………...…..3

*Therasense, Inc. v. Becton, Dickinson and Co.*, 593 F.3d 1325, 1332 (Fed. Cir. 2010)………......6

*Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 21 (Fed. Cir. 2012)………………….6

# NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 22, 2021, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Joseph C. Spero, located at San Francisco Courthouse, Courtroom F – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Ely Holdings Limited ("EHL") and Greenlite Glass Systems Inc. ("Greenlight")(EHL and Greenlite collectively, "Plaintiffs") will and hereby do move for an order excluding the testimony of Defendant's technical expert, Glen Stevick. Plaintiffs' motion is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities, the attached exhibits, the pleadings and other papers on file in this action, and any other evidence and argument that the parties may present in this briefing or at the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE ISSUES

**I.** Are the opinions of Defendant's technical expert Glen Stevick admissible under Fed. R. Evid. 702?

## RELEVANT FACTS

Defendant's technical expert, Glen Stevick, proposes to opine that: (i) the '745 patent is invalid as anticipated by or obvious over certain prior art references that were previously disclosed to the United States Patent and Trademark Office ("PTO"); and (ii) he has performed a computer model analysis that purported shows that some load is transferred from the structural walking layer to the fire rated glass layer in the accused GPX FireFloor system.

With respect to validity, Stevick's analysis is legally and structurally flawed in three critical respects and so his testimony should be excluded. *First*, Stevick ignores the fundamental principles of claim construction when he construes the term "*load transferring means*" in his analysis. *Second*, Stevick is ignorant of the law of anticipation and therefore fails to understand

that a claim is anticipated only if *all* the elements of that claim can be found in a *single* prior art reference. ***Third***, Stevick is also ignorant of the law of obviousness, and so ignores the requirement that an expert analysis of obviousness contain a *substantive* discussion of (i) the scope and content of the prior art, including the difference(s) between the prior art and the claimed invention; and (ii) the suggestion, teaching, or motivation for a POSA to modify or combine the prior art. These errors are fundamental to Stevick's invalidity analysis and dictate its exclusion under Rule 702.

With respect to infringement, Stevick's analysis depends on data which does not accurately reflect the properties of the accused GPX FireFloor system or its intended conditions of use. ***First***, Stevick selected parameters for the properties of the components of the GPX FireFloor, such as the Young's modulus, Poisson ratio, and density of the polyvinylbutyl interlayer in the structural walking portion of the glazing, that are grossly out of proportion to reality. ***Second***, Stevick did not analyze the floor system in any sort of fire situation, much less over time as the fire rated glass is gradually being consumed by the fire as would occur during use. These errors render Stevick's conclusions on infringement unreliable, such that they must be excluded under Rule 702.

## STANDARD OF REVIEW

Under the standard set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), admissibility of expert testimony under Fed. R. Evid. 702 requires an assessment of whether the reasoning or methodology underlying the testimony is valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

# LAW AND ARGUMENT

## I. STEVICK'S VALIDITY OPINIONS REST UPON DISQUALIFYING ERRORS

### A. Error 1 – Failure to Consider Specification and Claim Language when Construing "*Load Transferring Means*"

Any invalidity analysis -- whether premised on anticipation or obviousness -- must proceed from some understanding of the meaning of the terms in the claims at issue. *See*, *e.g.*, *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1335 (Fed. Cir. 2002) (first step of a validity analysis "involves the proper interpretation of the claims"). Stevick's validity opinions in this case fail this basic threshold requirement because he failed to even consider, much less take into account, the specification or claims of the '475 patent when construing the term '*load transferring means*" or the basic principles of claim construction.

The significance of Stevick's failures cannot be overstated. "Because the meaning of a claim term as understood by persons of skill in the art is often not immediately apparent, and because patentees frequently use terms idiosyncratically, the court looks to those sources available to the public that show what a person of skill in the art would have understood disputed claim language to mean." *Phillips v. AWH Corp*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (*en banc*). These sources include the actual words of the claim and the remainder of the specification, as well as the prosecution history. *See Ruckus Wireless v. Innovative Wireless*, 824 F.3d 999, 1002-1003 (Fed. Cir. 2015). Stevick, however, chose to consider <u>none</u> of these sources when arriving at his interpretation of the term "*load transferring means*."

Instead of considering the specification and claims of the '475 patent, Stevick has taken the position that the I-beam depicted in FIG. 1 is a "*load transferring means*" simply because it is a structure capable of transferring load. *See*, *e.g.*, Ex. 1 at ¶ 24. This construction, however, completely ignores the express teachings in the specification of the '475 patent that FIG. 1 only

shows two layers of glass and an I-beam, and <u>does not show any load transferring means whatsoever</u>. *See*, *e.g.*, Ex. 2 at col. 1, ll. 48-52; col. 4, ll. 53-66.

Stevick's construction also ignores the language of the claims of the '475, which separately recite "*load transferring means*" and "*a structural frame comprising a plurality of beams*" as distinct elements of the invention. *See* Ex. 2 at col. 8, ll. 44-49. Additional limitations found in dependent claims further re-inforce this distinction, such as the recitations in claim 7 that "wherein the vertical portion of the load transferring means in use extends upwardly from the structural frame" and in claim 12 that "the vertical portion of the load transferring means is one or more metal strips extending upwardly from the structural frame along the length thereof" or the requirement in claim 13 that "each load transferring means is located on the structural frame." *See id.* at col. 9, ll. 31-39.

Moreover, Stevick admits to ignoring basic canons of claim construction established by the courts, such as that the use of different terms in a claim gives rise to a presumption that different things or structures are intended, on the grounds that he is "not a lawyer." *See* Ex. 1 at ¶ 25. But whether a lawyer or not, it is wholly improper for Stevick to intentionally ignore such binding principles when construing a claim term for his validity analysis.

Stevick's validity opinions in this matter are therefore based on a fundamentally flawed construction of the claim term "*load transferring means*." Consequently, Stevick's opinions based on this construction will not be helpful and, indeed, are highly likely to mislead the fact-finder in this case. Stevick's validity opinions must therefore be excluded under Rule 702.

### B.     Error 2 – Failure to Understand the Law of Anticipation

Stevick repeatedly emphasizes in his reports that he is not a lawyer. *See*, *e.g.*, Ex. 1 at ¶ 25; Ex. 3 at ¶ 27. Nor does Stevick appear to have had anyone explain any of the relevant legal principles involved in this case, such as anticipation and obviousness, to him.

Despite these deficiencies, however, Stevick repeatedly offers opinions that something is "anticipated" by the prior art. But, because he does not understand or appreciate the meanings of those terms in the context of patent litigation, his opinions will not be helpful to the trier of fact but, instead, are highly likely to mislead.

Stevick's confusion over the meaning of "anticipated" in the context of a patent, particularly as it relates to the meaning of "obviousness," is very apparent from both his opening and final reports on validity. For example, in the claim charts attached to his opening report, Stevick makes statements such as "[c]hoosing a dimension of 50"" [sic] or less would be obvious to a POSA, and anticipated by earlier art" and, repeatedly, that "[t]his anticipates and makes obvious this claim." *See* Ex. 3 at p. 10-12. These comments make no sense – if a reference only "makes obvious" a claim, then it cannot disclose all the claimed features and therefore does not anticipate. Likewise, if choosing a particular dimension is obvious, then it cannot have been anticipated by the prior art.

Similarly, in the body of his opening report, Stevick states that "[t]he instant declaration deals only with my opinion that the 475 patent would have been obvious to a POSA and anticipated by prior art and presents no novel features." Ex. 3 at ¶ 16. Much like the comments in is claim charts, this statement makes no sense -- if something "presents no novel features," then it is anticipated, not obvious to a POSA.

Stevick's inability to differentiate between the concepts of anticipation and obviousness is even more apparent when he <u>combines</u> two or more references in an effort to find a claim

limitation. This is most obvious with respect dependent claim 21, when he introduces a completely new reference (Roberts) to combine with the primary reference(s) used with respect to claim 1, yet still opines that the prior art "anticipates . . . this claim 21." *See* Ex. 1 at 13. It also occurs with respect to claims 14, 15, and 16 when he combines the two primary references but still contends the claimed subject matter is anticipated. *See id.* at. 12-13.

It is textbook patent law that to prove that a patent is invalid as anticipated, each and every element in the claim at issue must be found either expressly or inherently in a <u>single</u> prior art reference. *See*, *e.g.*, *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 21 (Fed. Cir. 2012); *Therasense, Inc. v. Becton, Dickinson and Co.*, 593 F.3d 1325, 1332 (Fed. Cir. 2010). Prior art that must be modified in any way to meet the disputed claim limitation does not anticipate the claim. *See, e.g., In re Chudik*, 851 F.3d 1365, 1374 (Fed. Cir. 2017). Stevick's fundamental ignorance of this principle renders his validity opinions fatally defective and highly likely to mislead the trier or fact in this case. Accordingly, Stevick's validity opinions should be excluded under Rule 702.

### C. Error 3 – Failure to Provide any Obviousness Analysis

An obviousness inquiry requires analyzing whether the invention would have been obvious legally, based on underlying fact inquiries including: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) secondary considerations of nonobviousness. *Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, 869 F.3d 1336, 1343 (Fed. Cir. 2017); *InTouch Techs., Inc. v. VG Commc'ns, Inc.*, 751 F.3d 1327, 1347 (Fed. Cir. 2014). Significantly, an expert must provide more than a cursory analysis of these required elements. *ActiveVideo Networks, Inc. v. Verizon Comm'ns, Inc.*, 694 F.3d 1312, 1327-28 (Fed. Cir. 2012).

Stevick's obviousness analysis in this case is inadmissible under Rule 702 because his methodology is fundamentally flawed and his analysis lacking in substance. In particular, Stevick offers no substantive discussion of either: (1) the difference(s) between the claimed invention and the prior art; or (2) any teaching, suggestion, or motivation to modify or combine the prior art.

Indeed, this latter deficiency is particularly significant. A party asserting obviousness <u>must</u> show by clear and convincing evidence a <u>reason</u> that would have prompted a person of ordinary skill in the art to combine the elements as the claimed invention does. *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418-19 (2007). This "analysis should be made explicit," *KSR*, 550 U.S. at 418, and is "a critical component of an obviousness analysis." *InTouch Techs.*, 751 F.3d at 1351. Stevick's validity opinions are utterly lacking in that respect and so should be excluded.

More specifically, even a cursory review of Stevick's opening report (Ex. 3), particularly the claim chart attached thereto, and reply report (Ex. 1) shows nothing more than conclusory remarks that a reference "makes obvious" a particular claim. *See*, *e.g.*, Ex. 3 at p. 12-13. Stevick fails to specifically identify what feature(s) of the claimed invention are note shown by the cited prior art and, perhaps more importantly, fails to provide <u>any</u> suggestion, teaching, or motivation to modify or combine the prior art in order to overcome that (unidentified) deficiency in the prior art.

Moreover, Stevick does not explain (1) how his proposed modifications to the prior art would be made or how they would affect other design aspects; (2) why a person of skill in the art would have been motivated to make such modifications; (3) what contemporaneous sources show that such a motivation even existed; or (4) whether the modification would have worked at all, or instead have rendered the floor unsuitable for its intended use. An expert must answer

these questions before his or her opinion can assist the jury and be admissible under Rule 702. *See InTouch Techs.*, 751 F.3d at 1347; *ActiveVideo Networks*, 694 F.3d at 1327; *Procter & Gamble Co. v. Teva Pharms. USA, Inc.*, 566 F.3d 989, 995-96 (Fed. Cir. 2009). Yet Stevick omits these explanations from each of his obviousness analyses.

In *InTouch Technologies*, the Federal Circuit upheld the exclusion of an expert's obviousness opinions because they "failed to provide the necessary 'articulated reasoning with some rational underpinning' to support a conclusion of invalidity based on these combinations" and the testimony "was vague and did not articulate reasons why a person of ordinary skill in the art at the time of the invention would combine these references." 751 F.3d at 1351. Likewise, in *ActiveVideo*, the Federal Circuit upheld the exclusion of an expert's obviousness opinions since they "fail[ed] to explain why a person of ordinary skill in the art would have combined elements from specific references in the way the claimed invention does," and reasoned that the opinions were "generic and [bore] no relation to any specific combination of prior art elements." 694 F.3d at 1328; *accord Innogenetics, NV v. Abbott Laboratories,* 512 F.3d 1363, 1573-1574 (Fed. Cir. 2008).

For at least these reasons, Stevick's opinions on obviousness will not assist the trier of fact in this case and, indeed, are actually more likely to mislead the trier of fact. Stevick's validity opinions must therefore be excluded under Rule 702.

## II. STEVICK'S INFRINGEMENT OPINIONS REST UPON DISQUALIFYING ERRORS

The reliability assessment of an expert opinion is a crucial part of the trial court's "gatekeeping" function to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993). To satisfy its obligation, "the trial court must first make a 'preliminary assessment of

whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue,' focusing specifically on the methodology and not the conclusions." *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 955 (8th Cir. 2007) (citing *Daubert,* 509 U.S. at 592–593); *see also Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221–1222 (10th Cir. 2003).

Here, Defendant's expert used his own computer model to purportedly analyze the characteristics of the accused GPX FireFloor. *See* Ex. 3 at ¶ 66. This computer model, however, does not reflect the actual characteristics of the accused GPX FireFloor and does not evaluate those characteristics under the appropriate conditions of use.

More specifically, Stevick's computer model analyzes the GPX FireFloor system in a non-fire situation. It is therefore utterly irrelevant to the invention claimed in the '475 patent.

It is beyond dispute that a POSA would know that the fire rated layer of a glass flooring system will be consumed by fire in such a situation -- indeed, that is its very purpose -- and will therefore be unable to provide support for the structural glass layer for the requisite time. Defendant's own testing shows as much. *See*, *e.g.*, Ex. 4 at ¶ 35. And, based at least on the specification of the '475 patent and the prosecution history thereof, a POSA would understand that the whole purpose of the LTMs in the claimed invention is to provide support for the structural glass layer during such a fire situation by transferring the applied load directly to the structural frame below. An analysis of what happens in a non-fire situation is therefore irrelevant to the present invention and so cannot possibly be helpful to the trier of fact.

Moreover, at least some of the parameters selected by Stevick for his computer model are grossly out of line with the norm. For example, Stevick used a Young modulus (a mechanical property that measures the tensile stiffness of a solid material) for the laminating polymer in the

structural glass layer of 70MPa.  At normal room temperature, however, this modulus is never higher than 33MPa.  Adopting a Young modulus of 70 MPa for the interlayer means modelling the glass panel as if it was a monolithic piece of glass with a total thickness equal to the sum of the thickness of all the layers involved, rather than as a laminate of three separate sheets. Additional examples of similarly unrealistic parameters included Stevick's choices for the Poisson ratio and the density of the laminating polymer. These errors resulted in a panel that was much more rigid and that could support higher stress(es) and deflections than in real life. Stevick's computer model is therefore, at best, misleading.

Stevick's computer model is therefore highly unreliable because the model does not accurately depict the accused GPX FireFloor or consider its intended use.  Stevick's non-infringement opinions must therefore be excluded under Rule 702.

## CONCLUSION

For the foregoing reasons, the opinions of Defendant's expert Glen Stevick should be excluded under Fed. R. Evid. 702.

DATED:  November 23, 2020         Respectfully submitted,

DICKINSON WRIGHT PLLC


By:  */s/ Donald R. McPhail*
     Donald R. McPhail
     *Attorney for Plaintiffs*

4811-1714-0178 v2 [87977-1]