Mark I. Schickman (CSB #62653)
SCHICKMAN LAW
1019 Euclid Ave.
Berkeley, CA 94708
Phone: (510) 467-2909
Email: Mark@SchickmanLaw.com

THEODORE J, BIELEN, JR.(CSB #56395)
BIELEN & LAMPE
1390 Willow Pass Road, Ste 1020
Concord, CA 94520
Telephone: (925) 288-9720
Facsimilia: (925) 288-9731
Email: bielenlt@yahoo.com

*Attorneys for Defendant and Counter-Claimants*
*O'Keeffe's, Inc., d/b/a SaftiFirst*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELY HOLDINGS LIMITED, a United Kingdom company, and GREENLITE GLASS SYSTEMS INC., a Canadian company,<br><br>  Plaintiffs,<br><br>  v.<br><br>O'KEEFFE'S, INC., d/b/a SAFTIFIRST, a California corporation,<br><br>  Defendant.<br>_____<br>O'KEEFFE'S, INC., d/b/a SAFTIFIRST, a California corporation,<br><br>  Counter-Claimant,<br><br>  v.<br><br>ELY HOLDINGS LIMITED, a United Kingdom company, and GREENLITE GLASS SYSTEMS INC., a Canadian company,<br><br>  Counter-Defendants. | **CASE NO. 18-CV-06721-JCS**<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE OPINIONS OF DR. GLEN STEVICK**<br><br>**January 22, 2021**<br>**The Hon. Joseph C. Spero**<br>**Time: 9:30 a.m.** |

Plaintiffs seek to strike opinions of Dr. Glen Stevick on two grounds: first they seek to exclude his opinions on invalidity asserting that he fails to understand and use the proper legal tests. In fact, as explained in his Declaration filed herewith, Dr. Stevick utilized the proper definitions of anticipation and obviousness, determining that the prior art depicted as Fig. 1 in the '475 patent anticipated every element of patent claim 1 , and the prior art made each such element obvious.

Secondly, plaintiffs assert that Dr. Stevick's finite element analysis (FEA), proving that load transfers from the top of the GPX 120 floor through the bottom layers, is not reliable, as he did not use the proper parameters and did not assume a fire was occurring during the time of the analysis. Dr. Stevick's accompanying Declaration makes it clear that he has great expertise in FEA analysis, that his assumptions were valid and conservative and, perhaps most important, he provided to plaintiffs the raw data which would allow them to double check his findings, and to run their own analyses -- utilizing whenever parameters they want. Reliability is therefore assured.

## THE FEA ANALYSIS IS PROPER AND RELIABLE.

Dr. Stevick shows that an FEA analysis has been "sufficiently established to have general acceptance in the field to which it belongs.'" ; Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 583 (1993). ; United States v. Kilgus, 571 F.2d 508, 510 (CA9 1978)." His declaration shows his experience studying, teaching and developing FEA analyses prior to the commencement of this litigation (Accompanying Declaration of Dr. Glen Stevick ( "Stevick Declaration") paragraph 3)

Importantly, Dr. Stevick's results are subject to "appropriate validation" Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590 (1993). The raw data which he used in his analysis was provided to plaintiffs, and they have checked his data (Stevick Declaration, paragraphs 4-5). They could have changed variables and run their own analysis. That indicia of reliability makes the opinion proper, and precludes the attack Plaintiffs now wage.

Plaintiffs assert that Dr. Stevick did not utilize the correct Young modulus figure for the laminating material in the floor. As Dr. Stevick explains in his accompanying declaration, there is a range of figures for that laminating material, and he used the most conservative end of the range- allowing the least amount of load transfer- to justify his conclusion that load transfers from the top to the bottom of the floor; adding that is the best practice for an analysis of this type (Stevick declaration,

SCHICKMAN LAW
1019 Euclid Ave.
Berkeley, CA 94708

paragraph 7).

Secondly, plaintiffs complain that Dr. Stevick's FEA analysis does not presume that a fire is occurring. Again, Dr. Stevick notes that there's nothing in the patent language or in reason that would suggest a proper analysis assumes a fire is occurring when load transfer and bypass are analyzed.(Stevick Declaration, Paragraph 8) However, he points out, and Mr. Macfarlane agrees, during a fire there will be more deflection in the floor and, therefore, more load transferred (Stevick's declaration, paragraph 8).

Thus, again, Dr. Stevick's test and conclusion were conservative and reliable. Dr. Stevick points out that the fire or non fire condition makes no difference to the rest of his opinions (Stevick Declaration, paragraph 10), and plaintiffs do not suggest that it does.

Dr. Stevick presents a well recognized form of FEA analysis, in which he has great experience and expertise and provided to plaintiffs the raw data which allows the test to be checked, reconstructed or modified with different parameters. His conclusions that load passes from the top of the floor through the bottom layers (both in a fire and in a non-fire state) are relevant, reliable (and correct) and should not be stricken.

## **DR. STEVICK'S INVALIDITY OPINIONS ARE PROPER**

Finally, plaintiffs complain that Dr. Stevick's opinions regarding invalidity should be stricken because, as he states, is not a lawyer and did not presume to present legal definitions of anticipation and deviousness. He did identify that he considered a claim "anticipated" when every element of a claim was found in a particular prior art, and he identified something to be obvious if the body of prior art made the claimed patent, and its claim terms, obvious to a POSA. (Stevick's declaration, paragraphs 14, 19) Dr. Stevick's utilized the right test, and the attack on his invalidity opinions should be rejected.

Dated: December 13, 2020                                  Respectfully submitted,

                                                          SCHICKMAN LAW


                                                            /s/ Mark I. Schickman

                                                          Mark I. Schickman

## CERTIFICATE OF SERVICE

I hereby certify that after midnight on on December 14, 2020, I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Donald R. McPhail
Taft, Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601

Ryan O. White
Elizabeth Shuster
Taft, Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204

*Attorneys for Plaintiff*

　　　　　_/s/ Mark I. Schickman_
　　　　　Mark I. Schickman