| | |
|---|---|
| Donald R. McPhail (admitted *pro hac vice*)<br>Email: dmcphail@dickinsonwright.com<br>DICKINSON WRIGHT PLLC<br>International Square<br>1825 Eye St. N.W., Suite 900<br>Washington, D.C. 20006<br>Telephone: (202) 457-0160<br>Facsimile: (844) 670-6009 | Ryan O. White (admitted *pro hac vice*)<br>Email: rwhite@taftlaw.com<br>Elizabeth Shuster (admitted *pro hac vice*)<br>Email: eshuster@taftlaw.com<br>TAFT, STETTINIUS & HOLLISTER LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, IN 46204<br>Telephone: (317) 713-3500<br>Facsimile: (317) 713-3699 |
| Jonathan D. Baker (State Bar No. 196062)<br>Email: jdbaker@dickinsonwright.com<br>DICKINSON WRIGHT PLLC<br>800 W. California Avenue, Suite 110<br>Sunnyvale, CA 94086<br>Telephone: (408) 701-6100<br>Facsimile: (844) 670-6009 | Philip R. Bautista (admitted *pro hac vice*)<br>Email: pbautista@taftlaw.com<br>TAFT STETTINIUS & HOLLISTER LLP<br>200 Public Square, Suite 3500<br>Cleveland, OH 44114<br>Telephone: (216) 241-2838<br>Facsimile: (216) 241-3707 |

*Attorneys for Plaintiffs Ely Holdings Limited and Greenlite Glass Systems Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ELY HOLDINGS LIMITED, a United Kingdom company, and GREENLITE GLASS SYSTEMS INC., a Canadian company,<br><br>Plaintiffs,<br><br>v.<br><br>O'KEEFFE'S, INC. d/b/a SAFTI FIRST, a California corporation,<br><br>Defendant. | Case No. 3:18-cv-06721 JCS<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE OPINIONS**<br><br>Date: January 29, 2021<br>Time: 9:30 a.m.<br>Courtroom: Courtroom F, 15th Floor<br>Judge: Joseph C. Spero |

# TABLE OF AUTHORITIES

*Angelfix, LLC v. Wright Med. Techs., Inc.*,
    2017 WL 2973989, Case No. 13-cv-2407-JPM-TMP (W.D. Tenn. July 12, 2017) ........... 1

*ActiveVideo Networks, Inc. v. Verizon Comm'ns, Inc.*,
    694 F.3d 1312, 1327-28 (Fed. Cir. 2012) ........................................................................ 2

*Daubert v. Merrell Dow Pharmaceuticals*,
    509 U.S. 579 (1993) ........................................................................................................ 1

*Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*,
    869 F.3d 1336 (Fed. Cir. 2017) ....................................................................................... 1

*Liquid Dynamics Corp. v. Vaughn Co.*,
    449 F.3d 1209 (Fed. Cir. 2006) ....................................................................................... 1

*LP Matthews LLC v. Bath & Body Works, Inc.*,
    458 F. Supp.2d 198 (D. Del. 2006) ................................................................................. 1

Defendant's Opposition to Plaintiffs' Motion to Exclude Opinions fails to justify or explain the errors in the opinions proffered by Defendant's expert ("Stevick"). Plaintiffs' Motion should therefore be granted and Stevick's opinions excluded under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

**A.   Stevick's Invalidity Opinions Must Be Excluded**

Defendant does not deny or dispute that Stevick used a construction of "load transferring means" that was divorced from the intrinsic evidence in this case, particularly the specification of the patent-in-suit, U.S. Patent No. 7,694,475 ("the '475 patent"). Indeed, Defendant does not even address this error by its expert in its Opposition, much less seek to justify or explain it.

But that error alone renders Stevick's opinions misleading and compels this Court to exclude those opinions under Fed. R. Evid. 702 and the *Daubert* standard. *See*, *e.g.*, *Angelfix, LLC v. Wright Med. Techs., Inc.*, 2017 WL 2973989, Case No. 13-cv-2407-JPM-TMP (W.D. Tenn. July 12, 2017); *see also Liquid Dynamics Corp. v. Vaughn Co.*, 449 F.3d 1209, 1124 n.2 (Fed. Cir. 2006) (district court properly excluded expert opinion as irrelevant because based on impermissible claim construction); *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp.2d 198, 210 (D. Del. 2006) (excluding expert testimony that was inconsistent with court's claim construction).

Moreover, notwithstanding the fact that his anticipation and obviousness analyses were premised on a faulty claim construction, Stevick also failed to provide <u>any</u> discussion or analysis of the following elements required for an obviousness determination: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) secondary considerations of nonobviousness. *See Intercontinental Great Brands LLC v. Kellogg N. Am. Co.,* 869 F.3d 1336, 1343 (Fed. Cir. 2017).

Rather, Defendant argues only that Stevick "identified something to be obvious if the body of prior art made the claimed patent, and its claim terms, obvious to a POSA." Dkt. No. 203 at 3. This characterization, however, does not describe an analysis, but, instead, only a conclusion. And an expert must provide more than a cursory analysis of the four elements required for an obviousness determination to be admissible—and Stevick provides no analysis,

whatsoever of these four elements.  *See ActiveVideo Networks, Inc. v. Verizon Comm'ns, Inc.*, 694 F.3d 1312, 1327-28 (Fed. Cir. 2012).

Stevick's opinions on validity should therefore be excluded under Fed. R. Evid. 702 on the grounds that they are irrelevant and misleading, and so unlikely to help the trier of fact in this case.

**B.     Stevick's Non-infringement Opinion Must be Excluded**

In attempting to rely upon Stevick's opinion regarding load transfer in the GPX FireFloor system based upon computer modeling, Defendant admits that its expert never considered or evaluated the properties or performance of the accused fire-rated floor system *during a fire*. Dkt. No. 203 at 3.  In order to address this deficiency in Stevick's modeling, Defendant argues that this was not necessary because "Dr. Stevick notes that there's nothing in the patent language or in reason that would suggest a proper analysis assumes a fire is occurring when load transfer and bypass are analyzed." *Id.* at 2.  This statement is erroneous and, perhaps more than anything, illustrates Stevick's failure to even consider the specification of the patent-in-suit when arriving at his opinions as to whether the GPX FireFloor infringes the '475 Patent's claim.  The '475 patent is replete with language referencing fires and the performance of glass floor systems during a fire.

In describing the state of the art, for example, the specification of the '475 patent identifies two particular prior art configurations for fire rated glass flooring systems to illustrate the advantages of the claimed invention.  In discussing these systems, the specification expressly notes that each can only provide a maximum of 30 minutes protection <u>during a fire</u>.  *See* Dkt. No. 187-2 at col. 1, ll. 20-21; 30-31.

Moreover, with respect to the system depicted in FIG. 2 of the '475 patent, the specification notes that "[t]he single layer system is limited to 30 minutes fire insulation and 30 minutes integrity." *Id.* at col. 1, ll. 30-31.  As a POSA would immediately recognize and understand, the integrity of a fire rated glass floor system, and how long that integrity can be maintained, is only an issue during a fire when people need to evacuate.  Stevick's failure to appreciate this is damning.

Because Stevick's computer model does not address the properties and performance of the GPX Fire Floor during a fire, it is irrelevant to any of the issues in this case and so should be excluded under Fed. R. Evid. 702.

In addition, contrary to Defendant's argument, whether or not Stevick's results are subject to "validation" is not the test for admissibility. Rather, the test is whether Stevick's results are likely to help the finder of fact in understanding the evidence or determining a fact in dispute. Given that Stevick's results have nothing to do with the properties of the accused product under the appropriate conditions, *i.e.*, during a fire, they are both irrelevant and misleading.

## CONCLUSION

For the foregoing reasons and those provided in the Memo of Points and Authorities accompanying Plaintiffs' Motion to Exclude, the opinions of Defendant's expert Glen Stevick should be excluded under Fed. R. Evid. 702.

DATED: December 30, 2020            Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Donald R. McPhail*
    Donald R. McPhail (Admitted *Pro Hac Vice*)
    *Attorney for Plaintiffs*