UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELY HOLDINGS LIMITED, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>O'KEEFFE'S, INC.,<br><br>          Defendant. | Case No. 18-cv-06721-JCS<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 186, 191, 202, 212 |

Plaintiffs' administrative motion to file under seal portions of their motion for summary judgment and certain exhibits thereto is based solely on Defendant's and three non-parties' designations of confidentiality. *See* dkt. 186. Plaintiffs' administrative motion to file under seal certain exhibits submitted with their opposition to Defendant's motion for summary judgment similarly relied on Defendant's designations of confidentiality. *See* dkt. 191. Plaintiff's administrative motion to file under seal portions of its supplemental brief also rests on confidentiality designations by Defendant and a non-party. *See* dkt. 212. Neither Defendant nor the non-parties[1] who originally produced the documents at issue filed responsive declarations establishing that material to be sealable as required by Civil Local Rule 79-5(e)(1). Those motions are therefore DENIED.

To complete the public record, Plaintiffs are ORDERED to file the following documents without redactions no earlier than June 14, 2021 and no later than June 21, 2021: (1) Plaintiffs' motion for summary judgment; (2) Exhibits 4, 8, 11, 18, 24, and 26 to the declaration of Philip Bautista in support of Plaintiff's motion for summary judgment; (3) Exhibits 4 and 11 to the declaration of Donald McPhail in support of Plaintiffs' opposition brief; and (4) Plaintiff's

---

[1] Plaintiffs served their administrative motions that relied on non-parties' confidentiality designations on those non-parties. *See* dkts. 198, 199, 200, 217.

supplemental brief.  *See* Civ. L.R. 79-5(e)(2).

Defendant moved to file under seal portions of its opposition to Plaintiffs' motion for summary judgment and certain exhibits submitted with that brief.  *See* dkt. 202.  The only exhibit Defendant seeks to seal based on its own confidentiality interests is Exhibit 13 to the declaration of Mark Schickman, which is an advice letter from Defendant's attorney.  Defendant offers no reason for sealing that exhibit beyond a basic description of what the exhibit is.  That description does not establish "compelling reasons" to seal the exhibit, as is required for documents submitted in connection with a dispositive motion that goes to the merits of the case.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).  The motion to seal that document is DENIED, and Defendant shall file Exhibit 13 in the public record no later than June 21, 2021.  In the alternative, Defendant may file by the same date a renewed motion to seal narrowly tailored portions of that document, accompanied by a declaration setting forth compelling reasons for sealing.

The remainder of Defendant's motion to file under seal is based solely on Plaintiffs' designations of confidentiality.  Plaintiffs filed responsive declarations by Philip Bautista and Ryan Dennett seeking to seal only certain proposed redactions to Exhibits 6, 7, and 17 to Schickman's declaration.  Dkt. 204.  Dennett's declaration provides compelling reasons to seal those redactions.  Defendant's motion to file under seal is therefore GRANTED only as to Plaintiffs' proposed redactions to those exhibits, DENIED as to the remaining portion of those exhibits, and DENIED as to the redacted portions of Defendant's brief and the other exhibits for which Plaintiffs did not pursue sealing.  Defendant is ORDERED to file its opposition brief and Exhibits 9, 10, 11, 14, 15, 18, 19, 22, 24, 27, and 31[2] to the accompanying declaration of Mark Schickman unredacted in the public record no later than June 21, 2021.

**IT IS SO ORDERED.**

Dated: June 10, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] Since Plaintiffs have already publicly filed redacted versions of Exhibits 6, 7, and 17, no further action is needed to complete the public record with respect to those exhibits.  *See* dkt. 204.

2